IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUDENZIO AIUTO, NATHANIEL PALMER, and CHENZERIA WRIGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Case No.<br><br>COLLECTIVE ACTION COMPLAINT |

Plaintiffs Audenzio Aiuto, Nathaniel Palmer, and Chenzeria Wright ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through undersigned counsel allege as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiffs and other current and former employees who worked as Meat Managers (as a "Meat Manager"), Deli Managers (as a "Deli Manager"), and/or Bakery Managers (as a "Bakery Manager") (collectively the "Department Manager" or "DM" positions at issue) paid by Defendant as overtime exempt at any of Defendant's locations, who worked more

1

than 40 hours as a DM in any workweek for which workweek the DM was paid on a pay date within the period beginning three years preceding the filing date of this Complaint and ending on the date of the regular pay period for the workweek that included the effective date of Defendant's reclassification of the DM positions to hourly-paid non-exempt, which upon information and belief became effective beginning in April, 2019 (the "relevant period"), who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THE PARTIES

2.  Plaintiffs are residents of Georgia who worked in one or more workweeks for Publix as DMs within this judicial district for which they were paid by Defendant as exempt from the overtime laws within the relevant period.

3.  According to its corporate filings with the Georgia Secretary of State, Publix Super Markets, Inc. ("Defendant") is registered to transact business in Georgia and may be served with process on its registered agent, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066 (Cobb County), located within this judicial district.

4.  Defendant owns and operates approximately 1,230 or more locations in Alabama, Florida, Georgia, North Carolina, South Carolina, Tennessee, and Virginia.

5. Plaintiff Audenzio Aiuto ("Aiuto") worked for Defendant as a Deli Manager in one or more workweeks within this judicial district and this division during the relevant period until April, 2019, most recently as Deli Manager through April, 2019 at Store 1178 in Gwinnett County.

6. Plaintiff Nathaniel Palmer ("Palmer") worked for Defendant as a Meat Manager in one or more workweeks within this judicial district and this division during the relevant period until approximately August, 2017, most recently as Meat Manager in the Atlanta metropolitan area.

7. Plaintiff Chenzeria Wright ("Wright") worked for Defendant as a Bakery Manager in one or more workweeks within this judicial district and this division during the relevant period, including as a Bakery Manager at the 1250 W. Paces Ferry Road location for more than the last three years.

8. Plaintiffs frequently worked over 40 hours as DMs in one or more workweeks during the relevant period, and received one or more payments on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

9. Plaintiffs are covered employees under the FLSA.

10. Defendant was Plaintiffs' employer under the FLSA.

## JURISDICTION & VENUE

11. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant operates locations in this judicial district, Plaintiffs worked as DMs for and received pay from Defendant in this judicial district, and a substantial part of the events giving rise to the claim herein occurred in this judicial district.

13. Defendant is subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seeks to prosecute their FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by Defendant as Meat Managers, Deli Managers, and/or Bakery Managers at any time during the relevant period at any of Defendant's locations for which they were paid by Defendant as overtime exempt (the "Potential Collective Action Members").

15. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the other DMs.

16. There are many similarly situated current and former DMs who have

not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Potential Collective Action Members pursuant to 29 U.S.C. § 216(b).

17. The similarly situated Potential Collective Action Members are known to Defendant, are readily-identifiable, and can be located through Defendant's records.

## STATEMENT OF FACTS

1. Defendant employed Plaintiffs and the Potential Collective Action Members as DMs in one or more work weeks for which Defendant issued payments on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

2. Defendant internally classified and paid all of its Meat Managers, Deli Managers, and Bakery Managers as overtime exempt throughout the relevant period.

3. Defendant maintained control, oversight, and discretion over the operation of all of its locations, including its employment practices with respect to the DMs.

4. Plaintiffs' and the DMs' work was performed in the normal course of Defendant's business and was integrated into it.

5. Consistent with the Defendant's policy, pattern and/or practice, Plaintiffs and DMs worked over 40 hours in one or more workweeks, but Plaintiffs and DMs did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as DMs in excess of 40 in those workweeks.

6. All of the work that the Plaintiffs and the DMs performed was assigned by Defendant, and/or Defendant was aware of all of the work that they have performed.

7. The work that Plaintiffs and the DMs performed as part of their primary duty required manual labor and no capital investment.

8. The work that Plaintiffs and the DMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

9. Regardless of the location at which they worked, Plaintiffs' and the DMs' primary job duties included preparing and stocking food, servicing customers, and cleaning, among other non-exempt duties.

10. Regardless of the location at which they worked, Plaintiffs' and the

DMs' primary job duties did not include:

      a.    hiring;
      b.    firing;
      c.    disciplining other employees;
      d.    determining allotted labor hours for scheduling;
      e.    supervising and delegating; or
      f.    exercising meaningful independent judgment and discretion.

11. Plaintiffs' and the DMs' primary duties included duties that were manual in nature, not performed in an office.

12. The performance of manual labor, food and product preparation, and customer service duties occupied the majority of Plaintiffs' and the DMs' working hours.

13. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally classified, and paid, all of its DM positions as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the relevant period.

14. Upon information and belief, Defendant did not perform a person-by-person analysis of the DMs' job duties when making the decision to classify the DMs company-wide as exempt from the overtime provisions of the FLSA prior to the beginning of the relevant period.

15. Upon information and belief, Defendant did not perform a person-by-person analysis of the DMs' job duties regarding its classification of the DMs

7

company-wide as exempt from the overtime provisions of the FLSA during the relevant period.

16.  Upon information and belief, Defendant did not perform a person-by-person analysis of the DMs' job duties when making the decision to reclassify the DMs company-wide as non-exempt from the overtime provisions of the FLSA effective approximately April, 2019.

17.  Upon information and belief, Defendant made the decision to classify all DMs company-wide as exempt from the overtime provisions of the FLSA prior to the beginning of the relevant period regardless of store size, location, sales volume, or other individual factors.

18.  Upon information and belief, Defendant retained its classification of all DMs company-wide as exempt from the overtime provisions of the FLSA during the relevant period regardless of store size, location, sales volume, or other individual factors.

19.  Upon information and belief, Defendant made the decision to reclassify all DMs company-wide as non-exempt from the overtime provisions of the FLSA effective approximately April, 2019, regardless of store size, location, sales volume, or other individual factors.

20.  Defendant's conduct alleged herein was willful and/or in reckless

disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to its DMs. Defendant knew that DMs were not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiffs in their DM positions and other DMs as non-exempt employees.

21. During the relevant period, Defendant was aware or should have been aware, through its management-level employees, that Plaintiffs in their DM positions and DMs were primarily performing non-exempt duties.

22. During the relevant period, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

23. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to DMs during the relevant period. This policy and pattern or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiffs and the Potential Collective Action Members as exempt from the requirements of the FLSA;

    b.    willfully failing to pay Plaintiffs and the Potential Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week;

    c.    requiring Plaintiffs and the Potential Collective Action Members to perform primarily non-exempt tasks; and

    d.    willfully failing to provide enough money and allow enough work hours in its budgets and scheduling system for its hourly-paid employees to perform their duties and responsibilities, forcing its DMs paid by Defendant as exempt to perform additional non-exempt tasks.

24. Defendant's willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendant failed to maintain accurate and sufficient time records of work start and stop times for Plaintiffs and the Potential Collective Action Members.

25. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiffs and the Potential Collective Action Members during the relevant period.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiffs and the FLSA Collective

26. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27. Defendant is subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

28. At all relevant times, Defendant employed Plaintiffs, and employed or continues to employ each of the Potential Collective Action Members, within the meaning of the FLSA.

29. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

30. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consents by Plaintiffs and opt-ins filed contemporaneously herewith as Exhibit 1.

31. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

32. During the relevant period, Defendant had a policy and practice of not paying overtime premiums to Plaintiffs and its DMs for hours worked in excess of

40 hours per workweek.

33. As a result of Defendant's willful failure to compensate its DMs, including Plaintiffs and the Potential Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

34. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Potential Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

35. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its locations, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Potential Collective Action Members were primarily performing manual labor and other non-exempt tasks.

36. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the Potential Collective Action Members, Defendant's

actual knowledge through its managerial employees/agents that the primary duties of the Plaintiffs and the Potential Collective Action Members included manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiffs' and the Potential Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendant's instituting a policy and practice that did not record all hours worked by Plaintiffs and the Potential Collective Action Members, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

37.    As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Potential Collective Action Members, are entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

38.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs seek entry of a judgment finding liability under the FLSA and entering the following relief on behalf of themselves and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Potential Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b);

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay in a manner consistent with the methodology utilized in the jury verdict affirmed by the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013);

C. Equitable tolling of the FLSA statute of limitations;

D. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

E. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

F. An award of all allowable interest;

G. An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiffs; and

H. Such other and further relief as this Court deems just and proper.

Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ C. Andrew Head*
C. Andrew Head, GA Bar No. 341472
Bethany Hilbert (to be admitted *pro hac vice*)
**HEAD LAW FIRM, LLC**
1170 Howell Mill Rd NW
Suite 305
Atlanta, GA 30318 (satellite office)
4422 N. Ravenswood Ave.
Chicago, IL 60640 (resident office)
T: (404) 924-4151
F: (404) 796-7338
E: ahead@headlawfirm.com
bhilbert@headlawfirm.com

David Hughes (to be admitted *pro hac vice*)
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, AL 35401
T: (205) 523-0463
F: (205) 344-6188
E: dhughes@hardinhughes.com

*Attorneys for Plaintiffs and the Collective Action Members*

16