# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

AUDENZIO AIUTO, NATHANIEL
PALMER, and CHENZERIA WRIGHT,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

   v.

PUBLIX SUPER MARKETS, INC.,

        Defendant.

Civil Action No. 1:19-cv-04803-LMM

## DEFENDANT'S ANSWER AND DEFENSES
## TO COLLECTIVE ACTION COMPLAINT

Defendant Publix Super Markets, Inc. answers Plaintiffs' Collective Action

Complaint and sets forth its affirmative and other defenses as follows:

## NATURE OF THE ACTION

### COMPLAINT ¶ 1:

This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiffs and other current and former employees who worked as Meat Managers (as a "Meat Manager"), Deli Managers (as a "Deli Manager"), and/or Bakery Managers (as a "Bakery Manager") (collectively the "Department Manager" or "DM" positions at issue) paid by Defendant as overtime exempt at any of Defendant's locations, who worked more than 40 hours as a DM in any workweek for which workweek the DM was paid on a pay date within the period beginning three years preceding the filing date of this Complaint and ending on the date of the regular pay period for the workweek that included the effective date of Defendant's reclassification of the DM positions to hourly-paid non-exempt, which upon information and belief became effective

beginning in April, 2019 (the "relevant period"), who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring a collective action under the FLSA to recover overtime compensation.  Defendant denies any wrongdoing whatsoever, and denies that this case is suitable for collective treatment. Defendant also denies that it misclassified any of the positions described in Paragraph 1, or that those positions were wrongly deprived of overtime wages. Defendant denies any remaining allegations in Paragraph 1 of the Complaint.

## THE PARTIES

**COMPLAINT ¶ 2:**

Plaintiffs are residents of Georgia who worked in one or more workweeks for Publix as DMs within this judicial district for which they were paid by Defendant as exempt from the overtime laws within the relevant period.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about Plaintiffs' residencies.  Defendant admits that Plaintiffs worked at various times and locations in this district for Publix as DMs.  Defendant also admits that when it classified them as exempt under the FLSA it paid Plaintiffs a fixed, predetermined salary intended to cover all hours worked each week.  Defendant denies any remaining allegations in Paragraph 2.

**COMPLAINT ¶ 3:**

According to its corporate filings with the Georgia Secretary of State, Publix Super Markets, Inc. ("Defendant") is registered to transact business in Georgia and may be served with process on its registered agent, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066 (Cobb County), located within this judicial district.

**ANSWER:**

Defendant admits the allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶ 4:**

Defendant owns or operates approximately 1,230 or more locations in Alabama, Florida, Georgia, North Carolina, South Carolina, Tennessee, and Virginia.

**ANSWER:**

Defendant admits the allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶ 5:**

Plaintiff Audenzio Aiuto ("Aiuto") worked for Defendant as a Deli Manager in one or more workweeks within this judicial district and this division during the relevant period until April, 2019, most recently as Deli Manager through April, 2019 at Store 1178 in Gwinnett County.

**ANSWER:**

Defendant admits the allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶ 6:**

Plaintiff Nathaniel Palmer ("Palmer") worked for Defendant as a Meat Manager in one or more workweeks within this judicial district and this division during the relevant period until approximately August, 2017, most recently as Meat Manager in the Atlanta metropolitan area.

**ANSWER:**

Defendant admits the allegations in Paragraph 6 of the Complaint.

**<u>COMPLAINT ¶ 7:</u>**

Plaintiff Chenzeria Wright ("Wright") worked for Defendant as a Bakery Manager in one or more workweeks within this judicial district and this division during the relevant period, including as a Bakery Manager at the 1250 W. Paces Ferry Road location for more than the last three years.

**ANSWER:**

Defendant admits the allegations in Paragraph 7 of the Complaint.

**<u>COMPLAINT ¶ 8:</u>**

Plaintiffs frequently worked over 40 hours as DMs in one or more workweeks during the relevant period, and received one or more payments on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

**ANSWER:**

Defendants admit that Plaintiffs worked over 40 hours as Department Managers in some workweeks. Defendant denies the remaining allegations in Paragraph 8.

**<u>COMPLAINT ¶ 9:</u>**

Plaintiffs are covered employees under the FLSA.

**ANSWER:**

The allegations in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant

admits that Plaintiffs were Defendant's employees.   Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶ 10:**

Defendant was Plaintiffs' employer under the FLSA.

**ANSWER:**

Defendant admits that Plaintiffs at various times worked as Defendant's employees.   Defendant denies any remaining allegations in Paragraph 10 of the Complaint.

## JURISDICTION & VENUE

**COMPLAINT ¶ 11:**

This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**ANSWER:**

The allegations in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiffs' claims. Defendant denies any remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶ 12:**

Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant operates locations in this judicial district, Plaintiffs worked as DMs for and received pay from Defendant in this judicial district, and a substantial part of the events giving rise to the claim herein occurred in this judicial district.

**ANSWER:**

The allegations in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it operates locations in this District, and that Plaintiffs worked as Department Managers in this District.  Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶ 13:**

Defendant is subject to personal jurisdiction in this district.

**ANSWER:**

Defendant admits that as to the current named Plaintiffs' claims this Court has personal jurisdiction over Defendant.   Defendant denies any remaining allegations in Paragraph 13 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶ 14:**

Pursuant to 29 U.S.C. § 216(b), Plaintiffs seeks to prosecute their FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by Defendant as Meat Managers, Deli Managers, and/or Bakery Managers at any time during the relevant period at any of Defendant's locations for which they were paid by Defendant as overtime exempt (the "Potential Collective Action Members").

**ANSWER:**

Defendant admits that Plaintiffs purport to bring this FLSA case on their own behalf and on behalf of a proposed collective. Defendant denies that collective action treatment is appropriate, and denies any remaining allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶ 15:**

Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the other DMs.

**ANSWER:**

Defendant denies the allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶ 16:**

There are many similarly situated current and former DMs who have not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Potential Collective Action Members pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendant denies the allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶ 17:**

The similarly situated Potential Collective Action Members are known to Defendant, are readily-identifiable, and can be located through Defendant's records.

**ANSWER:**

Defendant denies the allegations in Paragraph 17 of the Complaint.

## STATEMENT OF FACTS

**COMPLAINT ¶ 1:**[1]

Defendant employed Plaintiffs and the Potential Collective Action Members as DMs in one or more work weeks for which Defendant issued payments on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

**ANSWER:**

Defendant admits that it employed Plaintiffs as Department Managers.

Defendant denies any remaining allegations in Statement of Facts Paragraph 1.

**COMPLAINT ¶ 2:**

Defendant internally classified and paid all of its Meat Managers, Deli Managers, and Bakery Managers as overtime exempt throughout the relevant period.

**ANSWER:**

Defendant admits that, during the relevant period, it classified Meat, Deli, and Bakery Department Managers as exempt under the FLSA.  Defendant denies any remaining allegations in Statement of Facts Paragraph 2.

**COMPLAINT ¶ 3:**

Defendant maintained control, oversight, and discretion over the operation of all of its locations, including its employment practices with respect to the DMs.

---

[1]  The Complaint contains 17 paragraphs before the "Statement of Facts," at which point the paragraph numbering resets to 1.  This Answer follows that convention rather than continuing forward from 17.

**ANSWER:**

Defendant admits that it owns or operates each Publix location.  Defendant denies the remaining allegations in Statement of Facts Paragraph 3.

**COMPLAINT ¶ 4:**

Plaintiffs' and the DMs' work was performed in the normal course of Defendant's business and was integrated into it.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 4.

**COMPLAINT ¶ 5:**

Consistent with the Defendant's policy, pattern and/or practice, Plaintiffs and DMs worked over 40 hours in one or more workweeks, but Plaintiffs and DMs did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as DMs in excess of 40 in those workweeks.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 5.

**COMPLAINT ¶ 6:**

All of the work that the Plaintiffs and the DMs performed was assigned by Defendant, and/or Defendant was aware of all of the work that they have performed.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 6.

**COMPLAINT ¶ 7:**

The work that Plaintiffs and the DMs performed as part of their primary duty required manual labor and no capital investment.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 7.

**COMPLAINT ¶ 8:**

The work that Plaintiffs and the DMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 8.

**COMPLAINT ¶ 9:**

Regardless of the location at which they worked, Plaintiffs' and the DMs' primary job duties included preparing and stocking food, servicing customers, and cleaning, among other non-exempt duties.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 9.

**COMPLAINT ¶ 10:**

Regardless of the location at which they worked, Plaintiffs' and the DMs' primary job duties did not include:

  a.    hiring;

  b.    firing;

  c.    disciplining other employees;

  d.    determining allotted labor hours for scheduling;

> e.      supervising and delegating; or
>
> f.      exercising meaningful independent judgment and discretion.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 10.

## COMPLAINT ¶ 11:

Plaintiffs' and the DMs' primary duties included duties that were manual in nature, not performed in an office.

**ANSWER:**

Defendant admits that some of Plaintiffs' duties involved manual labor.

Defendant denies the remaining allegations in Statement of Facts Paragraph 11.

## COMPLAINT ¶ 12:

The performance of manual labor, food and product preparation, and customer service duties occupied the majority of Plaintiffs' and the DMs' working hours.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 12.

## COMPLAINT ¶ 13:

Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally classified, and paid, all of its DM positions as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the relevant period.

**ANSWER:**

Defendant admits that it classified DMs as exempt during the relevant period but denies the remaining allegations in Statement of Facts Paragraph 13.

**COMPLAINT ¶ 14:**

Upon information and belief, Defendant did not perform a person-by-person analysis of the DMs' job duties when making the decision to classify the DMs  company-wide as exempt from the overtime provisions of the FLSA prior to the beginning of the relevant period.

**ANSWER:**

Defendant admits that it classified DMs as exempt during the relevant period because of the duties performed and intended to be  performed by each individual in the roles.  Defendant admits further that each such individual was trained to perform the duties necessary to his or her respective role, based on his or her particular skills, proficiencies, and level of experience, and each was evaluated individually based on his or her performance of them.  Defendant denies the remaining allegations in Statement of Facts Paragraph 14.

**COMPLAINT ¶ 15:**

Upon information and belief, Defendant did not perform a person-by-person analysis of the DMs' job duties regarding its classification of the DMs company-wide as exempt from the overtime provisions of the FLSA during the relevant period.

**ANSWER:**

Defendant admits that it classified DMs as exempt during the relevant period because of the duties performed and intended to be performed by each individual in the roles.  Defendant admits further that each such individual was trained to perform the duties necessary to his or her respective role, based on his or her particular skills, proficiencies, and level of experience, and each was evaluated individually based on his or her performance of them.  Defendant denies the remaining allegations in Statement of Facts Paragraph 15.

**COMPLAINT ¶ 16:**

Upon information and belief, Defendant did not perform a person-by-person analysis of the DMs' job duties when making the decision to reclassify the DMs company-wide as non-exempt from the overtime provisions of the FLSA effective approximately April, 2019.

**ANSWER:**

Defendant admits that its decision to classify DMs as non-exempt was based on a multitude of factors and data, which included (but was not limited to) an analysis of the duties performed, hours worked, and preferences of individuals and groups of individuals who worked in the DM roles.  Defendant denies the remaining allegations in Statement of Facts Paragraph 16.

**COMPLAINT ¶ 17:**

Upon information and belief, Defendant made the decision to classify all DMs company-wide as exempt from the overtime provisions of the FLSA prior to

the beginning of the relevant period regardless of store size, location, sales volume, or other individual factors.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 17.

**COMPLAINT ¶ 18:**

Upon information and belief, Defendant retained its classification of all DMs company-wide as exempt from the overtime provisions of the FLSA during the relevant period regardless of store size, location, sales volume, or other individual factors.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 18.

**COMPLAINT ¶ 19:**

Upon information and belief, Defendant made the decision to reclassify all DMs company-wide as non-exempt from the overtime provisions of the FLSA effective approximately April, 2019, regardless of store size, location, sales volume, or other individual factors.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 19.

**COMPLAINT ¶ 20:**

Defendant's conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to its DMs. Defendant knew that DMs were not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiffs in their DM positions and other DMs as non-exempt employees.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 20.

**COMPLAINT ¶ 21:**

During the relevant period, Defendant was aware or should have been aware, through its management-level employees, that Plaintiffs in their DM positions and DMs were primarily performing non-exempt duties.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 21.

**COMPLAINT ¶ 22:**

During the relevant period, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 22.

**COMPLAINT ¶ 23:**

As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to DMs during the relevant period.  This policy and pattern or practice includes but it is not limited to:

    a.    willfully misclassifying Plaintiffs and the Potential Collective Action Members as exempt from the requirements of the FLSA;

    b.    willfully failing to pay Plaintiffs and the Potential Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week;

    c.    requiring Plaintiffs and the Potential Collective Action Members to perform primarily non-exempt tasks; and

d.   willfully failing to provide enough money and allow enough work hours in its budgets and scheduling system for its hourly-paid employees to perform their duties and responsibilities, forcing its DMs paid by Defendant as exempt to perform additional non-exempt tasks.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 23.

**COMPLAINT ¶ 24:**

Defendant's willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendant failed to maintain accurate and sufficient time records of work start and stop times for Plaintiffs and the Potential Collective Action Members.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 24.

**COMPLAINT ¶ 25:**

Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiffs and the Potential Collective Action Members during the relevant period.

**ANSWER:**

Defendant denies the allegations in Statement of Facts Paragraph 25.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiffs and the FLSA Collective

**COMPLAINT ¶ 26:**

At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:**

Defendant admits the allegations in First Cause of Action Paragraph 26.

**<u>COMPLAINT ¶ 27:</u>**

Defendant is subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

**ANSWER:**

Defendant admits that the FLSA sets forth maximum hour, minimum wage, and overtime compensation requirements applicable to certain employers and employees.  Defendant denies any remaining allegations in First Cause of Action Paragraph 27.

**<u>COMPLAINT ¶ 28:</u>**

At all relevant times, Defendant employed Plaintiffs, and employed or continues to employ each of the Potential Collective Action Members, within the meaning of the FLSA.

**ANSWER:**

First Cause of Action Paragraph 28 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in First Cause of Action Paragraph 28.

**<u>COMPLAINT ¶ 29:</u>**

Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 29.

**COMPLAINT ¶ 30:**

Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consents by Plaintiffs and opt-ins filed contemporaneously herewith as Exhibit 1.

**ANSWER:**

Defendant admits that Plaintiffs attached purported consents to this Complaint as Exhibit 1.  Defendant denies the remaining allegations in First Cause of Action Paragraph 30.

**COMPLAINT ¶ 31:**

The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

**ANSWER:**

Defendant admits that the FLSA's overtime provisions apply to some positions within Defendant's organization.  Defendant denies any remaining allegations in First Cause of Action Paragraph 31.

**COMPLAINT ¶ 32:**

During the relevant period, Defendant had a policy and practice of not paying overtime premiums to Plaintiffs and its DMs for hours worked in excess of 40 hours per workweek.

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 32.

**COMPLAINT ¶ 33:**

As a result of Defendant's willful failure to compensate its DMs, including Plaintiffs and the Potential Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 33.

**COMPLAINT ¶ 34:**

As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Potential Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 34.

**COMPLAINT ¶ 35:**

As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its locations, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Potential Collective Action Members were primarily performing manual labor and other non-exempt tasks.

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 35.

**COMPLAINT ¶ 36:**

Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties

of Plaintiffs and the Potential Collective Action Members, Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiffs and the Potential Collective Action Members included manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiffs' and the Potential Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendant's instituting a policy and practice that did not record all hours worked by Plaintiffs and the Potential Collective Action Members, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 36.

**COMPLAINT ¶ 37:**

As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Potential Collective Action Members, are entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 37.

**COMPLAINT ¶ 38:**

Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**ANSWER:**

Defendant denies the allegations in First Cause of Action Paragraph 38.

## PRAYER FOR RELIEF

Therefore, Plaintiffs seek entry of a judgment finding liability under the FLSA and entering the following relief on behalf of themselves and all others similarly-situated:

A.    Designation of this action as an FLSA collective action on behalf of the Potential Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b);

B.    An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay in a manner consistent with the methodology utilized in the jury verdict affirmed by the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013);

C.    Equitable tolling of the FLSA statute of limitations;

D.    An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

E.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

F.    An award of all allowable interest;

G.    An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiffs; and

H.    Such other and further relief as this Court deems just and proper. Plaintiffs demand a trial by jury.

## ANSWER

Defendant denies that Plaintiffs are entitled to any relief whatsoever and denies any remaining allegations in the Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of people they purport to represent, or to whom they are purportedly similarly situated.

## SECOND DEFENSE

Plaintiffs may not maintain this case as a collective action because they are not similarly situated under 29 U.S.C. § 216(b) to the people they purport to represent.  The Complaint contains no allegations that justify a collective action or issuance of notice pursuant to § 216(b).

## THIRD DEFENSE

Plaintiffs' claims, as well as those of the purported collective they seek to represent, are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs' claims, as well as the claims of any individuals they purport to represent or otherwise include in this lawsuit, fail because they are exempt from the FLSA's overtime requirements under the executive exemption, the administrative exemption, or the combination exemption, pursuant to 29 U.S.C. § 213(a)(1).

## FIFTH DEFENSE

To the extent Plaintiffs seek to include as part of the proposed collective individuals who lived, worked for Defendant, and were paid by Defendant outside of Georgia, this Court lacks personal jurisdiction over Defendant as to those individuals' claims.

## SIXTH DEFENSE

Some or all of the claims asserted in Plaintiffs' Complaint are barred by the doctrines of waiver and release.

## SEVENTH DEFENSE

Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, were done in good faith, in accordance with 29 U.S.C. § 260, because Defendant had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable laws.

**EIGHTH DEFENSE**

Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, were done in good faith, in accordance with 29 U.S.C. § 259, because they were done in good faith and in reasonable reliance on a regulation, order, ruling, approval and interpretation of the U.S. Department of Labor, or an administrative practice or enforcement policy of the U.S. Department of Labor.

**NINTH DEFENSE**

Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, are not entitled to any liquidated damages or penalties under the FLSA because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the FLSA, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of the FLSA.

**TENTH DEFENSE**

Plaintiffs' claims, as well as the claims of any individuals they purport to include or represent in this lawsuit, fail, in whole or in part, pursuant to the *de minimis* doctrine.   If, in fact, Plaintiffs, and any individuals they purport to represent or otherwise include in the lawsuit, were not properly compensated for

any work in excess of 40 hours in a workweek, the uncompensated time is *de minimis* and is therefore not recoverable.

## ELEVENTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs or any purported collective action member they purport to include or represent in this lawsuit prevails, Defendant is entitled to a set-off with respect to any monies paid to such individual(s) for any hours when they were not performing work for Defendant.

## TWELFTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs or any purported collective action member they purport to include or represent in this lawsuit prevails, Defendant is entitled to a set-off for any amounts paid to them that they would not have been eligible for had they been classified as non-exempt employees.

## THIRTEENTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims, as well as the claims of the purported collective action members they purport to include or represent in this lawsuit, are barred by the doctrines of waiver and/or laches,

or barred in whole or in part by the doctrines of res judicata, collateral estoppel, quasi-estoppel, or equitable estoppel.

## FOURTEENTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims and the claims of those they purport to represent or otherwise include in this lawsuit are barred by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

Defendant is continuing to investigate Plaintiff's claims and allegations. The Court also has not decided whether Plaintiff's lawsuit may proceed as a collective action. Defendant thus reserves the right to amend its pleading, including the foregoing affirmative and other defenses, depending on evidence discovered in the course of this litigation and depending on the circumstances of any person who later joins this litigation as a party-plaintiff, as a collective action member, or in any other capacity. Defendant reserves its right to raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against Plaintiffs or the putative collective action members based on facts learned during this litigation.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment in its favor against Plaintiffs as follows:

1.  Deny Plaintiffs' request for collective action certification;

2.  Dismiss the Complaint in its entirety on the merits;

3.  Grant to Defendant the costs and expenses of this action, including attorneys' fees; and

4.  Award Defendant such other and further relief as the Court may deem just and proper.

Date: November 20, 2019                    Respectfully submitted,

                                           SEYFARTH SHAW LLP

                                           By s/ Brett C. Bartlett
                                               Brett C. Bartlett
                                               Georgia Bar No. 040510
                                               Lennon B. Haas
                                               Georgia Bar No. 158533
                                               SEYFARTH SHAW LLP
                                               1075 Peachtree St. NE, Suite 2500
                                               Atlanta, Georgia 30309-3958
                                               Telephone: (404) 885-1500
                                               bbartlett@seyfarth.com
                                               lhaas@seyfarth.com

                                               COUNSEL FOR DEFENDANT
                                               PUBLIX SUPERMARKETS, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

AUDENZIO AIUTO, NATHANIEL
PALMER, and CHENZERIA WRIGHT,
on behalf of themselves and all others
similarly situated,

       Plaintiffs,

    v.

PUBLIX SUPER MARKETS, INC.,

       Defendant.

Civil Action No. 1:19-cv-04803-LMM

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2019, I electronically filed DEFENDANT'S ANSWER AND DEFENSES TO COLLECTIVE ACTION COMPLAINT using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

**LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this response in opposition to Plaintiffs' motion for conditional certification has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

s/ Brett C. Bartlett
Counsel for Defendant