IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUDENZIO AIUTO, NATHANIEL
PALMER, and CHENZERIA
WRIGHT, on behalf of themselves and
all others similarly situated,

Plaintiffs,

-against-

PUBLIX SUPER MARKETS, INC.,

Defendant.

Case No. 1:19-CV-04803-LMM

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.      Description of Case:**

  **(a)  Describe briefly the nature of this action:**

This is an individual and proposed collective action under the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

  **(b)  Summarize, in the space provided below, the facts of this case. The
summary should not be argumentative nor recite evidence.**

Plaintiffs' Position:  Plaintiffs, and all other individuals who worked in Publix
grocery stores as Bakery, Meat, and Deli Managers, were paid and internally
classified by Publix as exempt from the overtime requirements of the Fair Labor

Standards Act (the "FLSA") during the period beginning three years prior to the filing date of the Complaint date through the approximately April, 2019 effective date that Publix reclassified all department manager positions to hourly-paid and began paying for overtime. Plaintiffs allege that the Bakery, Deli, and Meat Manager primary duties during that period did not fall within an exemption to the FLSA's overtime requirements.

Defendant's Position:

Publix classified its Deli, Bakery, and Meat Department Managers as exempt from the FLSA's overtime requirements from three years prior to Plaintiffs' Complaint (Doc. 1) until March 30, 2019.  Publix thereafter classified those positions as non-exempt and paid overtime wages.  Publix contends that its Department Managers qualified for the FLSA's executive, administrative, or combination exemptions.  Plaintiffs cannot establish a basis for collective action determination of their claims and those whom they wish to represent, and they cannot establish that Publix violated the FLSA -- much less willfully -- with respect to any Plaintiff or other current or former employee whom Plaintiffs claim are similarly situated.

**(c)    The legal issues to be tried are as follows:**

Plaintiffs' Statement of Legal Issues:

1.  Whether Defendant has carried its burden of proving that Plaintiffs and the similarly situated employees were exempt from the FLSA's overtime pay requirements;

2.  Whether, due to Defendant's failure to keep records of the start and end times of hours worked by Plaintiffs and the similarly situated employees, Plaintiffs have proved their uncompensated overtime by just and reasonable inference under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S. Ct. 1187 (1946);

3.  Whether Defendant has carried its burden of proving its affirmative defenses alleged in its Answer [ECF 16];

4.  Whether Defendant can satisfy the "good faith" defense to some or all of the liquidated damages to which Plaintiffs and those similarly situated may be entitled under 29 U.S.C. § 216(b); and

5.  Whether any alleged violations of the FLSA by Defendant were willful.

<u>Defendant's Statement of Legal Issues</u>:

1.  Whether Plaintiffs have proven that Publix misclassified its Department Managers as exempt from the FLSA's overtime requirements during the relevant time period.

2.  Whether this Court has personal jurisdiction over Publix as to the claims of the 85% of Plaintiffs' proposed collective who worked for and were paid by Publix outside of Georgia.

3.  Whether Plaintiffs are similarly situated to each other such that collective proceedings are appropriate.

4.  Whether, if collective proceedings might otherwise be appropriate, Plaintiffs can propose a workable plan for collective action trial.

5.  Whether Publix acted in good faith in classifying Bakery, Deli, and Meat Department Managers as exempt until March 30, 2019.

6.  Whether Plaintiffs can prove the hours they claim they and those whom they claim to be similarly situated worked without proper pay.

7.  Whether any alleged violations of the FLSA by Publix were willful.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** *Walton v. Publix Supermarkets (sic), Inc.*, No. 1:19-cv-04466-LMM (N.D. Ga.).

**(2) Previously Adjudicated Related Cases:** None.

**2.  This case is complex because it possesses one or more of the features listed below (please check):**

**__X__   (1)   Unusually large number of parties**

\_\_\_\_\_     (2)  **Unusually large number of claims or defenses**

\_\_X\_\_     (3)  **Factual issues are exceptionally complex**

\_\_X\_\_     (4)  **Greater than normal volume of evidence**

\_\_X\_\_     (5)  **Extended discovery period is needed**

\_\_\_\_\_     (6)  **Problems locating or preserving evidence**

\_\_\_\_\_     (7)  **Pending parallel investigations or action by government**

\_\_\_\_\_     (8)  **Multiple use of experts**

\_\_\_\_\_     (9)  **Need for discovery outside United States boundaries**

\_\_\_\_\_     (10) **Existence of highly technical issues and proof**

\_\_\_\_\_     (11) **Unusually complex discovery of electronically stored**
            **information.**

3.    **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiffs:**
C. Andrew Head
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
Email: ahead@headlawfirm.com

**Defendant:**

Brett C. Bartlett
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
bbartlett@seyfarth.com

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

 **X** Yes            ___ No

*If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

Publix raises this question:

This Court lacks jurisdiction over Publix as to claims by opt-in plaintiffs who neither worked for nor were paid by Publix in Georgia.  *See Bristol-Myers Squibb Co. v. Superior Ct. of Cali., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017).

FLSA plaintiffs—of both the named and opt-in variety—have party plaintiff status and must prove that personal jurisdiction exists over a defendant as to each plaintiffs' claim.  *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1275-76 (11th Cir. 2018).  In a federal question case involving a statute like the FLSA that lacks a

-6-

nationwide service of process provision, party plaintiffs must show that each claim arises out of or relates to the defendant's in-forum conduct.  *See* Fed. R. Civ. P. 4(k)(1); *Bristol-Myers*, 137 S. Ct. at 1780.  The claims of Plaintiffs who neither worked in nor were paid by Publix in Georgia lack that required connection.  Plaintiffs thus cannot prove personal jurisdiction over Publix as to those claims.

Publix asserted in its answer that this Court does not have jurisdiction over out-of-state opt-ins.  (Doc. 16 at 23).  Given the number of individuals who had opted in at or near the time when Plaintiffs filed their complaint, and the possibility that more would opt in after it responded to the complaint, Publix did not move to dismiss those early filers, knowing that it would likely be more efficient to move to dismiss all out-of-state opt-ins at once.  To the extent that this Court would prefer to take this jurisdictional issue up at this stage in the litigation, Publix respectfully requests that the Court set a briefing schedule for the Publix's motion to dismiss any individual opt-in plaintiffs who did not work for nor were paid by Publix in Georgia during the relevant time period.

Plaintiffs' Position Regarding Publix's Purported Jurisdictional Question:

Defendant has not moved to dismiss the non-resident opt-ins. It concedes jurisdiction as to the individual and collective claims pled by the three named Plaintiffs in the Complaint. (Answer [Doc. 16], ¶¶ 11, 16). Defendant's contention that this Court

lacks jurisdiction over it as to the claims of non-named plaintiff individuals who file consents to join under the federal statutory mechanism of 29 U.S.C. § 216(b) is incorrect. It conflicts with the holdings of this Court finding *Bristol-Myers* inapplicable to federal court actions and exercising jurisdiction over defendants as to the claims of non-resident individuals who are not named as plaintiffs in the Complaint (unlike in mass tort cases). *See, e.g., Dennis v. IDT Corp.*, 343 F. Supp. 3d 1363, 1366-67 (N.D. Ga. 2018) (May, J.); *Sanchez v. Launch Tech. Workforce Sols, LLC*, 297 F. Supp. 3d 1360, 1367 (N.D. Ga. 2018), adopted by *Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360 (N.D. Ga. 2018). Defendant's position has been rejected by the overwhelming majority of district courts within the Eleventh Circuit and across the country concluding that *Bristol-Myers* does not prohibit federal court jurisdiction over the claims of non-residents who are not named Plaintiffs but have opted in to a collective action under the FLSA's consent provision in § 216(b). *See, e.g., Hunt v. Interactive Med. Specialists, Inc.*, No. 1:19CV13, 2019 U.S. Dist. LEXIS 208561 (N.D. W. Va. Dec. 4, 2019) (*Bristol-Myers* does not bar federal court's jurisdiction over non-resident opt-ins to FLSA collective actions); accord *Meo v. Lane Bryant, Inc.*, No. CV 18-6360, 2019 U.S. Dist. LEXIS 174552 (E.D.N.Y. Sep. 30, 2019); *Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780, 2019 U.S. Dist. LEXIS 80654 (E.D.N.Y. May 13, 2019), *aff'd*, 2019 U.S. Dist. LEXIS 141026 (E.D.N.Y. Aug. 19, 2019); *Gibbs*

*v. MLK Express Servs., LLC*, No. 2:18-cv-434, 2019 U.S. Dist. LEXIS 78007 (M.D. Fla. Mar. 28, 2019); *Seiffert v. Qwest Corp.*, No. CV-18-70, 2018 U.S. Dist. LEXIS 211287 (D. Mt. Dec. 14, 2018); *Garcia v. Vasilia*, 319 F. Supp. 3d 863 (S.D. Tex. 2018); *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 U.S. Dist. LEXIS 186535 (N.D. Cal. Nov. 10, 2017); *Thomas v. Kellogg Co.*, No. C13-5136RBl, 2017 U.S. Dist. LEXIS 171734 (W.D. Wash. Oct. 17, 2017).

5.    **Parties to This Action:**

    **(a)   The following persons are necessary parties who have not been joined:**

    <u>**Plaintiffs:**</u>

Pursuant to 29 U.S.C. § 216(b), Plaintiffs have filed a motion for conditional certification and issuance of notice, asserting that others similarly situated should be joined as opt-in plaintiffs to this collective action.

    <u>**Defendants:**</u>

There are no necessary parties that have not been joined.

    **(b)   The following persons are improperly joined as parties:**

None.

    **(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.      Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in Local Rule 15.

(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties do not at this time anticipate that any amendments will be necessary, other than as set forth below.

(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

Plaintiffs:

Due to the possibility of discovering a need to amend the pleadings based on opt-in plaintiffs and information received from opt-ins who may join the lawsuit,

should Plaintiffs' motion for conditional certification be granted, Plaintiffs request twenty days from the close of the opt-in period to amend initial pleadings, if necessary.  *See, e.g., Florence v. Deli Management, Inc.*, No. 1:18-cv-04303-SCJ [Doc. 25] (N.D. Ga. Dec. 21, 2018) (allowing plaintiff twenty days after close of opt-in period, if conditional certification is granted, within which to move to amend the pleadings); *Prowant v. Federal National Mortgage Assoc.*, No. 1:14-cv-03799-AT [Doc. 69] (N.D. Ga. June 22, 2017) (allowing plaintiff twenty days after close of opt-in period within which to move to amend the pleadings).

　　Defendant:

At present, Plaintiffs have filed the opt-in consent forms of 32 individuals whom they wish to represent, should this Court grant their motion for conditional certification of a collective action.   Twelve of those submitted declarations containing testimony purportedly describing the basis of their claims against Publix. It is not conceivable that Plaintiffs would not know, based on their counsel's investigation involving this many putative party plaintiffs, what claims and types of claims that they might pursue in this litigation, whether on their own behalves or on the behalf of others.  To the extent Plaintiffs determine at a later date that they need to add parties as named plaintiffs, Publix does not object to their proposal to extend the date for amendment until 20 days after the close of the opt-in period, if any.

Publix would object, however, to such a late addition of substantive claims on any plaintiff's behalf that are of a type or character distinct from those currently in Plaintiffs' complaint.

**7.    Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).**

**(a)  *Motions to Compel*: before the close of discovery or, if longer, within fourteen (14) days after service of the disclosure or discovery response upon which the objection is based. Local Rule 37.1.**

**(c)  *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. The party opposing the motion has twenty-one (21) days after service of the motion or a responsive pleading is due, whichever is later, in which to file a responsive pleading. Local Rule 56.1.**

*(d) Other Limited Motions***: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

*(e) Motions Objecting to Expert Testimony:* <u>Daubert</u> **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.      Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

**Subject to the limitation below regarding Rule 26(a)(1)(A)(iii), the parties have no objection to initial disclosures and will exchange initial disclosures on or before July 22, 2019.**

<u>The Parties' Agreement:</u>

Plaintiffs requests a modification to Rule 26(a)(1)(A)(iii)'s requirement that actual damages <u>amounts</u> claimed by Plaintiffs and the opt-in Plaintiffs must be estimated in initial disclosures before Plaintiffs have received Defendant's

production of those Plaintiffs' time and pay records. This Court and other judges in this district have routinely approved similar requested modifications to Rule 26(a)'s initial disclosure requirements in FLSA cases, including over a defendant's objections.  *See Moncrief v. Ashton Gardens*, No. 1:16-cv-00282-LMM [Doc. 15] (N.D. Ga. May 25, 2016) (entering order on parties' stipulation allowing plaintiff to provide the figures to be used in her damages calculations within 30 days of receiving defendants' responses to plaintiff's first discovery requests in FLSA case); *see also Weinstein v. 440 Corp.*, No. 2:19-cv-00105-RWS [Doc. No. 21] (N.D. Ga. July 23, 2019) (entering scheduling order on parties' stipulation to this modification); *Prowant v. Federal Nat'l Mortg. Assoc.*, No. 1:14-cv-03799-AT [Doc. 69]  (N.D. Ga. June 22, 2017) (granting plaintiff request over defendant's opposition to modify Rule 26(a), allowing plaintiff 45 days after defendant's production of documents to provide damages calculations under Rule 26(a)(1)(A)); *George v. Academy Mortgage Corp. (USA)*, No. 1:16-cv-00471-CAP [Doc. No. 19] (N.D. Ga. July 13, 2016) (approving parties' stipulation allowing plaintiff to provide the figures to be used in her damages calculations within 30 days of receiving defendants' responses to plaintiff's first discovery requests in FLSA case); *Youngclaus v. Aarene Contracting, LLC and Gary Mills*, No. 1:14-CV-1723-RWS (N.D. Ga. Sep. 3, 2014) (entering order permitting plaintiff to provide the figures to

be used in his damages calculations within 30 days of receiving defendants'
responses to plaintiff's first discovery requests in FLSA case); *Brackett v. Aarene*
*Contracting, LLC and Gary Mills*, No. 1:13-cv-1461-AT (N.D. Ga. Jun. 13, 2013)
(entering order amending initial disclosure obligations and allowing plaintiffs 30
days from date of defendant's responses to plaintiffs' first request for production of
documents within which to provide damages figures under Rule 26(a)(1)(A)(iii) in
FLSA case, over defendant's objections).

　　　Publix disputes Plaintiffs' position and does not agree that a modification is
required; however, in order to limit disputed issues the parties have agreed to the
following protocol. The parties agree that Plaintiffs shall provide the Rule
26(a)(1)(A)(iii) damages calculation estimates by the deadline set by this Court after
the parties appear before it for a discovery and scheduling planning conference
following the Court's ruling on Plaintiffs' pending conditional certification motion (if
that motion is denied) or following the close of the opt-in period (if that motion is
granted), when the parties should be aware of which and how many Plaintiffs and opt-
in plaintiffs have joined this litigation.  In addition, if the parties agree to mediate the
case before then, the parties agree that Plaintiffs will provide mediation-privileged
estimates no later than ten (10) days after receiving any agreed upon pre-mediation

production of time and pay records from Publix, which production shall be made not later than thirty (30) days prior to a scheduled mediation date.

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Plaintiffs:

The parties jointly request that the Court order the discovery period to commence ten (10) days after (i) the close of the opt-in period, if Plaintiffs' motion for conditional certification and issuance of notice is granted, or (ii) the Court's ruling on Plaintiffs' motion for conditional certification and issuance of notice, if that motion is denied.

While Plaintiffs do not agree with many of Defendant's statements below, Plaintiffs request a discovery and scheduling planning conference following the Court's ruling on Plaintiffs' pending conditional certification motion (if that motion is denied) or following the close of the opt-in period (if that motion is granted), when the parties should be aware of which and how many Plaintiffs and opt-in plaintiffs have joined this litigation.

Although Plaintiffs do not request an earlier conference with the Court at this time, Plaintiffs may request (or may join Publix's request for) a conference with the

Court regarding how this case should proceed in light of issues, developments, and motions practice in the *Walton* case.

<u>Defendant</u>:

This case involves more moving parts than most, particularly given the existence of *Walton v. Publix*, No. 1:19-cv-4466, which raises identical FLSA claims on behalf of many of the same Publix employees as this matter. Publix anticipates issues concerning proportionality, the scope of relevant discovery, sources of ESI, and possible coordination of discovery with *Walton*. Plaintiffs' counsel's possession of large numbers of Publix documents obtained in previous FLSA litigation also suggests that discovery in this case should be more limited than it otherwise might be. Publix thus requests a conference with this Court to develop a plan for how this case should proceed after a decision on conditional certification issues. Because the parties request that discovery commence only after this Court rules on Plaintiffs' pending motion for conditional certification, a scheduling and planning conference might be most efficiently held after that ruling, as well. If, however, this Court seeks the parties' views regarding any need to coordinate this instance litigation with the related *Walton* case, then Publix stands prepared to appear for a conference on that and related topics.

10.     **Discovery Period: The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint, unless the parties consent to begin earlier. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four-months discovery period, and (c) eight-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

The parties request that the Court order the discovery period to commence 10 days after the close of the opt-in period, should the Court grant Plaintiffs' motion for conditional certification (in whole or in part), or 10 days after a ruling denying Plaintiffs' motion for conditional certification.

**Please state below the subjects on which discovery may be needed:**

The parties anticipate discovery concerning the allegations contained in Plaintiffs' Complaint, the defenses asserted in Defendant's Answer, and any other matters relating to issues and witnesses identified through discovery or investigation.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Defendant contends that this case should be assigned to the eight month discovery track for complex cases.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties' Agreement:

The parties agree that that Defendant shall not contact or subpoena the named Plaintiffs' or any Opt-ins' prospective employer, current employer, or subsequent employer (following termination from employment with Defendant), to discover information about their claims in this action without first providing Plaintiffs 20 days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact with the intended subpoena recipient will not be initiated and the subpoena will not be

served, until such motion is decided. Should Defendant serve written discovery on any Plaintiff or opt-in plaintiff requesting that such party identify his or her prospective employer, current employer, or subsequent employer (following termination from employment with Defendant), and should that party fail to respond timely to that request, or should he or she fail to have identified (by initial or supplemental responses) an employer that Publix later discovers through independent means by the time of Defendant's service of a subpoena, then Plaintiffs' proposed requirement shall not be enforced as to that unidentified prospective, current, or subsequent employer.

**(b)  Is any party seeking discovery of electronically stored information?**

_x_Yes                                            _____No

**If "yes,"**

**(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have initially conferred regarding electronically stored information ("ESI") and have confirmed that this litigation will involve ESI discovery. The parties will continue to work together to identify and determine the

sources of potentially relevant ESI, the measures to be taken to preserve that ESI, and, if produced in discovery, the format in which the ESI will be produced and any limitations regarding the scope of production.

Because the parties have requested that discovery commence after the number and identity of opt-ins have been determined, and respectfully request the opportunity to present a proposed discovery and scheduling order after the close of the opt-in period, if Plaintiffs' motion for conditional certification is granted, the parties also request the opportunity to include their ESI agreements and requests in that proposed discovery and scheduling order once the scope of the parties is fully known.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

13.    **Settlement Potential:**

(a)   **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 17, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiffs:** Lead counsel:

 */s/ C. Andrew Head*

**Other participants:** David Hughes

**For Defendant:** Lead counsel: */s/ Brett C. Bartlett*

**Other participants:** Lennon Haas

**All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(x) **A possibility of settlement before discovery.**

(x) **A possibility of settlement after discovery.**

( _____ ) **A possibility of settlement, but a conference with the judge is needed.**

( _____ ) **No possibility of settlement.**

(b)   **Counsel   (x)   do   or   ( )   do   not   intend   to   hold additional settlement conferences among themselves prior to the close of discovery.**

(c)   **The following specific problems have created a hindrance to settlement of this case.**

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)   **The parties do not consent to having this case tried before a magistrate judge of this Court.**

| | |
|---|---|
| */s/ C. Andrew Head* | */s/ Brett C. Bartlett* |
| C. Andrew Head, Ga. Bar No. 341472 | Brett C. Bartlett |
| Bethany Hilbert (admitted *pro hac vice*) | Georgia Bar No. 040510 |
| | Lennon B. Haas |
| HEAD LAW FIRM, LLC | Georgia Bar No. 158533 |
| 1170 Howell Mill Rd NW | SEYFARTH SHAW LLP |
| Suite 305 | 1075 Peachtree St. NE, Suite 2500 |
| Atlanta, GA 30318; and | Atlanta, Georgia 30309-3958 |
| 4422 N. Ravenswood Ave. | Telephone: (404) 885-1500 |
| Chicago, IL 60640 (resident office) | bbartlett@seyfarth.com |
| T: (404) 924-4151 | lhaas@seyfarth.com |
| F: (404) 796-7338 | |

ahead@headlawfirm.com                    Attorneys for Defendant
bhilbert@headlawfirm.com

David Hughes (admitted *pro hac vice*)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401

Attorneys for Plaintiffs

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement and referral of case to trial before a magistrate judge are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____ , 20_____.

_____

UNITED STATES DISTRICT JUDGE