IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUDENZIO AIUTO, NATHANIEL
PALMER, and CHENZERIA
WRIGHT, on behalf of themselves
and all others similarly situated,

               Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

               Defendant.

Case No. 1:19-cv-04803-LMM

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND COURT AUTHORIZED NOTICE**

**I.**     **Plaintiffs Easily Satisfy the Lenient Standard For Issuance of Notice...... 1**

    A. <u>Summary of Facts and Issues That Defendant Does Not Dispute</u> ............ 1

    B. <u>Defendant's Objection to Three Positions as "Nile-Wide" is Baffling</u>. ...... 1

    C. <u>Plaintiffs Allege Common Policies; They Need Not Prove Unlawfulness</u>....2

    D. <u>Defendant's Competing Evidence Is Immaterial At the Notice Stage</u>. ....... 3

    E. <u>*Bristol-Myers* Does Not Bar Jurisdiction Over Non-resident Opt-ins</u>.........5

    F. <u>Bakery, Deli and Meat Managers Need Only be Similar, not Identical</u>. ......7

    G. <u>Blanket Classifications/Reclassifications Show Similarly Situated</u>............9

    H. <u>Centralized Policies and Practices Support Conditional Certification</u>.........9

    I. <u>No First-File Rule Bars Certification: What Matters is First-Certified Based on Best-Filed, and *Walton* Should Not Delay Issuance of Notice</u>............ 10

**II. Defendant Waived or Failed to Support Objections to Proposed Notice...14**

# TABLE OF AUTHORITIES

*Allerton v. Sprint Nextel Corp.*,
   No. 2:09-cv-01325, 2009 U.S. Dist. LEXIS 132454 (D. Nev. Nov. 16, 2009) . 3

*Blakes v. Ill. Bell Tel. Co.*,
   No. 11 CV 336, 2011 U.S. Dist. LEXIS 63225 (N.D. Ill. June 15, 2011) ....... 14

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) ...................................................................... 5-7

*Brooks v. BellSouth Telecomms., Inc.*,
   No. 1:07-CV-3054-ODE, 2009 WL 10699685 (N.D. Ga. Feb. 10, 2009) .......... 3

*Dennis v. IDT Corp.*,
   343 F. Supp. 3d 1363 (N.D. Ga. 2018) ..................................................... 5

*Fairley v. Knights' Marine & Indus. Servs.*,
   No. 1:15CV47, 2015 U.S. Dist. LEXIS 53615 (S.D. Miss. Apr. 10, 2015) ..... 11

*Florence v. Deli Mgmt.*,
   No. 1:18-cv-4303-SCJ, 2018 U.S. Dist. LEXIS 221794 (N.D. Ga. Dec. 18, 2018)
   ........................................................................................................... 4

*Florence v. Deli Mgmt.*,
   No. 1:18-cv-4303-SCJ, 2019 U.S. Dist. LEXIS 4379 (N.D. Ga. Jan. 9,
   2019) ............................................................................................. 4, 15

*Garcia v. Vasilia*,
   319 F. Supp. 3d 863 (S.D. Tex. 2018) ..................................................... 6

*Gibbs v. MLK Express Servs., LLC*,
   No. 2:18-cv-434, 2019 U.S. Dist. LEXIS 78007 (M.D. Fla. Mar. 28, 2019) .......... 6

*Grayson v. K Mart Corp.*,
   79 F. 3d 1086 (11th Cir. 1996) ........................................................... 2, 3

*Haynes v. Singer Co.*,
   696 F. 2d 884 (11th Cir. 1983) ............................................................. 3

*Hipp v. Liberty Nat'l Life Ins. Co.*,
   252 F.3d 1208, 1217-18 (11th Cir. 2001) .................................................. 3, 4, 8

*Hunt v. Interactive Med. Specialists, Inc.*,
   No. 1:19CV13, 2019 U.S. Dist. LEXIS 208561 (N.D. W. Va. Dec. 4, 2019) ........ 6

*Jones v. JRN Inc.*,
   No. 4:16-CV-141, 2016 U.S. Dist. LEXIS 191625 (M.D. Ga. July 12, 2016)   10

*Knight v. Concentrix Corp.*,
   No. 4:18-cv-07101-KAW, 2019 U.S. Dist. LEXIS 129026 (N.D. Cal. Aug. 1,
   2019) ........................................................................................................ 15

*Lopez v. Bird Elec. Enters., LLC*,
   No. MO:18-CV-0231, 2019 U.S. Dist. LEXIS 149654 (W.D. Tex. June 10,
   2019) ........................................................................................................ 12

*Louis Vuitton Malletier, S.A. v. Mosseri*,
   736 F.3d 1339 (11th Cir. 2013) ........................................................................ 7

*Lovett v. SJAC Fulton Ind I, LLC*,
   No. 1:14-cv-983-WSD, 2015 WL 3889719 (N.D. Ga. June 23, 2015) ............ 10

*Mason v. Lumber Liquidators, Inc.*,
   No. 17-CV-4780, 2019 U.S. Dist. LEXIS 80654 (E.D.N.Y. May 13, 2019), *aff'd*,
   2019 U.S. Dist. LEXIS 141026 (E.D.N.Y. Aug. 19, 2019) .................................. 6

*Meo v. Lane Bryant, Inc.*,
   No. CV 18-6360, 2019 U.S. Dist. LEXIS 174552 (E.D.N.Y. Sep. 30, 2019) ........ 6

*Morgan v. Family Dollar Stores*,
   551 F.3d 1233 (11th Cir. 2008) ............................................................... 3, 8, 9

*Pereira v. Foot Locker, Inc.*,
   261 F.R.D. 60, 68 (E.D. Pa. 2009) .................................................................. 12

*Pickering v. Lorillard Tobacco Co.*,
   No. 2:10-CV-633-WKW [WO], 2012 WL 314691 (M.D. Ala. Jan. 30, 2012)  10

*Prowant v. Fannie Mae*,
   No. 1:14-CV-3799-AT, 2017 U.S. Dist. LEXIS 221422 (N.D. Ga. Oct. 16, 2017)
   ............................................................................................................... 15

*Reece v. United Home Care of N. Atlanta, Inc.*,
   NO. 1:12-CV-2070-RWS, 2013 U.S. Dist. LEXIS 31995 (N.D. Ga. Mar. 7,
   2013) ................................................................................................................ 3

*Reyes v. AT&T Mobility Servs. LLC*,
   801 F. Supp. 2d 1350 (S.D. Fla. 2011) ............................................................ 5

*Rindfleisch v. Gentiva Health Servs.*,
   No. 1:10-cv-3288-SCJ, 2011 U.S. Dist. LEXIS 57949 (N.D. Ga. Apr. 13, 2011)
   ............................................................................................................... 15

*Sanchez v. Launch Tech. Workforce Sols, LLC*,
   297 F. Supp. 3d 1360 (N.D. Ga. 2018) ......................................................... 5, 7

*Seiffert v. Qwest Corp.*,
   No. CV-18-70, 2018 U.S. Dist. LEXIS 211287 (D. Mt. Dec. 14, 2018) ............... 6

*Swamy v. Title Source, Inc.*,
   No. C 17-01175, 2017 U.S. Dist. LEXIS 186535 (N.D. Cal. Nov. 10, 2017) ........ 6

*Thomas v. Kellogg Co.*,
   No. C13-5136, 2017 U.S. Dist. LEXIS 171734 (W.D. Wash. Oct. 17, 2017) ........ 6

*Thomas v. Waste Pro USA, Inc.*,
   360 F. Supp. 3d 1313 (M.D. Fla. 2019) ......................................................... 10

*Walton v. Publix Supermarkets (sic), Inc.*,
   No. 1:19-cv-4466-LMM (N.D. Ga.) ..................................................... 2, 10-14

Named Plaintiffs, joined by 31 opt-ins to date, file this reply in support of Court-authorized notice to salary-paid Bakery, Deli, and Meat Managers ("DMs").

## II. Plaintiffs Easily Satisfy the Lenient Standard For Issuance of Notice.

J. <u>Summary of Facts and Issues That Defendant Does Not Dispute</u>.

Defendant's response [Doc. 24] ("Response") (i) does not dispute that the 34 Plaintiffs satisfy the Eleventh Circuit's "showing of interest" requirement at the notice stage; (ii) does not deny using one job description for each DM position company-wide; (iii) confirms that Bakery, Deli, and Meat DMs all had some degree of production, face-to-face customer interaction and on-demand request duties (Response, pp. 4-5, 16); (iv) confirms that management above the store level "oversee[s] retail operations of [the district's] stores …mak[ing] sure, from a District perspective, that [its] stores are where they should be from day-to-day" (Humphries Decl., ¶ 4 [Doc. 24-3]; (v) confirms that there is some degree of consistency in each department's staffing numbers ("[r]egardless of store volume, Deli Departments tended to have three to four times as many associates") and time required by each department's DMs to perform their duties (Response, pp. 17-19); (vi) confirms that each department has some degree of commonality company-wide ("Delis are far busier than Bakeries; Meat Departments sell more product than either") (Response, pp. 17-18); and (vii) confirms using a uniform employee handbook, company-wide systems, and centralized payroll/HR (Response, p. 21).

K. <u>Defendant's Objection to Three Positions as "Nile-Wide" is Baffling</u>.

Replying in the order of arguments Defendant presented in its Response,

Publix begins by arguing Plaintiffs make the same claims involving largely the same putative collective as the separate action styled *Walton v. Publix Supermarkets (sic), Inc.*, No. 1:19-cv-4466-LMM ("*Walton*"), and contends that Plaintiffs in this action "overreach" by their "Nile-wide collective definition." (Response, p. 1). The latter is baffling: whereas the *Walton* second Amended Complaint[1] seeks to certify a collective of all salaried department managers and all salaried (and even, as Publix contends, hourly-paid[2]) *assistant department managers* for every department in a Publix store, based on a Complaint filed by plaintiffs who worked only as Bakery or Deli Managers, the Bakery, Deli, and Meat Manager Plaintiffs here seek certification of only Bakery, Deli, and Meat Managers paid by Publix as exempt. This case's collective is as narrow as *Walton*'s is wide: a Bakery, Deli, and Meat Manager each representing a collective of their own job titles.

     L.  Plaintiffs Allege Common Policies; They Need Not Prove Unlawfulness.

     Defendant contends certification is inappropriate because "Plaintiffs establish no unlawful policy that led to their (sic) alleged FLSA violations." (Response, p. 8; *see also* p. 19). However, the Eleventh Circuit has rejected that as a requirement at the lenient notice stage. *Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1096 (11th Cir. 1996) (holding plaintiffs need not establish "a unified policy, plan, or scheme of [unlawful activity] to satisfy the liberal similarly situated requirement of § 216(b)").

---

[1] Second Amended Complaint filed in *Walton* [Doc. No. 26] ("SAC"), ¶ 44.
[2] Publix's Motion to Dismiss filed in *Walton* [Doc. No. 29] ("MTD"), p. 2.

M. Defendant's Competing Evidence Is Immaterial At the Notice Stage.

Defendant argues that courts can refuse to conditionally certify a collective if a defendant presents "enough record evidence clarify[ying] that notice is inappropriate," citing *Brooks v. BellSouth Telecomms., Inc.*, No. 1:07-CV-3054-ODE, 2009 WL 10699685, at *7-8 (N.D. Ga. Feb. 10, 2009)[3] as its sole support for that proposition, and citing it again for the proposition that "courts should treat [conditional certification] requests with a higher level of scrutiny." (Response, pp. 8-9). But the district judge's opinion in *Brooks* did not cite or analyze the *Morgan v. Family Dollar*, 551 F.3d 1233 (11th Cir. 2008) opinion issued only two months prior, and instead cited for this "higher level of scrutiny" standard *Haynes v. Singer Co.*, 696 F. 2d 884 (11th Cir. 1983) that was issued back when the appellate courts were still considering whether § 216(b) even required, much less allowed, issuance of notice. The Eleventh Circuit has long since abandoned that 1983 "higher level of scrutiny" comment, approving a two-stage process beginning with the "lenient" notice stage in its seminal *Hipp*, *Grayson,* and *Morgan* opinions. Since *Morgan*, this Court has repeatedly explained that the level of scrutiny for a pre-discovery motion for notice is lenient – period. *Reece v. United Home Care of N. Atlanta, Inc.*, 2013 U.S. Dist. LEXIS 31995, at *5 (N.D. Ga. Mar. 7, 2013) ("The burden on Plaintiff,

---

[3] Courts have distinguished *Brooks* as limited to its peculiar facts where plaintiffs failed to present a cohesive theory of recovery. *See, e.g., Allerton v. Sprint Nextel Corp.*, No. 2:09-cv-01325, 2009 U.S. Dist. LEXIS 132454, at *33 (D. Nev. Nov. 16, 2009) (*Brooks* denied certification "in large part because plaintiffs' theories of how defendant deprived them of overtime materially changed [repeatedly].")

however, is not a heavy one. As noted above, the standard is fairly lenient…").

Defendant then denies that the bar for certification at the pre-discovery notice stage is "very low," arguing that it is only low when compared with the bar at decertification. That is incorrect. "The first stage in the two-step approach to certification employed in the Eleventh Circuit holds out a very low bar for plaintiffs to become conditionally certified." *Florence v. Deli Mgmt.*, No. 1:18-cv-4303-SCJ, 2018 U.S. Dist. LEXIS 221794, at *2 (N.D. Ga. Dec. 18, 2018) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217-18 (11th Cir. 2001)).

Finally, Defendant's submission of "happy camper" declarations from its district managers and other current DMs is immaterial at the notice stage:

> Defendant attempts to defeat conditional certification with a plethora of declarations from [putative opt-ins] [Cit]. However, Defendant's arguments essentially ask the Court to employ the stricter "decertification" standard at the [notice] stage; something this Court is not willing to do. The factual issues raised by Defendant speak to the ultimate merits of Plaintiffs case and are inappropriate for resolution at the lenient, "notice" stage. The fact that [55 putative opt-ins] had different experiences than [plaintiff and] the other opt-in[]s does not negate their showing that they were subject to policies that potentially violated the FLSA. Defendant's evidence is more appropriate for the decertification stage, after discovery has been conducted and Plaintiff faces a higher burden for showing that opt-in plaintiffs are similarly situated. Although Defendant may have established that there are at least forty-six potential class members who would not opt in, that does not mean that other potential class members should not be notified and provided the opportunity to opt in.

*Florence v. Deli Mgmt.*, No. 1:18-cv-4303-SCJ, 2019 U.S. Dist. LEXIS 4379, at *6-7 (N.D. Ga. Jan. 9, 2019) (conditionally certifying assistant manager exemption

case); *see also Reyes v. AT&T Mobility Servs. LLC*, 801 F. Supp. 2d 1350, 1357-58 (S.D. Fla. 2011) ("Defendant's attempt…to seek a factual determination…by presenting a vast amount of affidavit evidence 'demonstrate[s] a fundamental misunderstanding of the nature of the proceedings at this stage of litigation.'")

N. *Bristol-Myers* Does Not Bar Jurisdiction Over Non-resident Opt-ins.

Defendant next argues that this Court cannot authorize Plaintiffs to send notice to any similarly situated collective members who did not live and work in Georgia during their relevant salaried DM employment, citing the Supreme Court's *Bristol-Myers* opinion holding state courts lack jurisdiction over a defendant as to mass tort case named plaintiffs if not injured within the state. (Response, pp. 10-14).

First, Defendant's argument is premised on an assumption that *Bristol-Myers* extends to federal court – not just state court – exercise of jurisdiction, and that it extends to individuals who are not named plaintiffs on the Complaint. As Defendant appears to concede, this Court has definitively rejected that assumption, finding *Bristol-Myers* inapplicable to federal court actions and exercising jurisdiction over defendants as to the claims of non-resident individuals who are not named as plaintiffs in the Complaint (unlike the mass tort case at issue in *Bristol-Myers*, in which each plaintiff is a named plaintiff on the Complaint). *Dennis v. IDT Corp.*, 343 F. Supp. 3d 1363, 1366-67 (N.D. Ga. 2018) (May, J.); *see also Sanchez v. Launch Tech. Workforce Sols, LLC*, 297 F. Supp. 3d 1360, 1367 (N.D. Ga. 2018). In *Dennis*, this Court held that the state sovereignty issues addressed by *Bristol-Myers* do not apply to federal courts, ruling federal courts may exercise jurisdiction over out-of-state class members.

Defendant's contention here has been flatly rejected by the overwhelming majority of district courts within the Eleventh Circuit and across the country, in opinions concluding that *Bristol-Myers* does not prohibit federal court jurisdiction over defendant as to the claims of non-residents who are not named Plaintiffs but have opted in to a FLSA collective action under the consent provision in § 216(b). *See, e.g., Hunt v. Interactive Med. Specialists, Inc.*, No. 1:19CV13, 2019 U.S. Dist. LEXIS 208561 (N.D. W. Va. Dec. 4, 2019) (*Bristol-Myers* does not bar federal court's jurisdiction over defendant as to claims of non-resident opt-ins to FLSA collective actions).[4]

Defendant concedes that this Court has jurisdiction over it as to the collective claims pled by the three Plaintiffs named in the Complaint. (Answer [Doc. 16], ¶¶ 11, 16). There is no reason for this Court to deviate from its prior ruling, and the majority line of authority rejecting Defendant's jurisdictional challenge as to the claims of non-resident opt-ins. Defendant states that "this Court recognized [] mass tort actions, like this putative FLSA collective, do not 'ensure…a unitary coherent claim…'" (Response, p. 11). But this Court did not, in *Dennis* or any other ruling, ever "recognize" that "mass

---

[4] <u>Accord</u> *Meo v. Lane Bryant, Inc.*, No. CV 18-6360, 2019 U.S. Dist. LEXIS 174552 (E.D.N.Y. Sep. 30, 2019); *Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780, 2019 U.S. Dist. LEXIS 80654 (E.D.N.Y. May 13, 2019), *aff'd*, 2019 U.S. Dist. LEXIS 141026 (E.D.N.Y. Aug. 19, 2019); *Gibbs v. MLK Express Servs., LLC*, No. 2:18-cv-434, 2019 U.S. Dist. LEXIS 78007 (M.D. Fla. Mar. 28, 2019); *Seiffert v. Qwest Corp.*, No. CV-18-70, 2018 U.S. Dist. LEXIS 211287 (D. Mt. Dec. 14, 2018); *Garcia v. Vasilia*, 319 F. Supp. 3d 863 (S.D. Tex. 2018); *Swamy v. Title Source, Inc.*, No. C 17-01175, 2017 U.S. Dist. LEXIS 186535 (N.D. Cal. Nov. 10, 2017); *Thomas v. Kellogg Co.*, No. C13-5136, 2017 U.S. Dist. LEXIS 171734 (W.D. Wash. Oct. 17, 2017).

tort actions" are "like this putative FLSA collective." And it argues that there is no due process protection similar to Rule 23's typicality and commonality, but then cites cases deciding defendant's opportunity to decertify a conditionally certified collective action.

FLSA opt-ins are not the same as mass tort action named plaintiffs–they are neither personally named in the Complaint, nor required to effect service on defendant.

> In a mass tort action such as *Bristol-Myers*, each plaintiff is a real party in interest, **meaning that each plaintiff is personally named** *and required to effect service*. *See Bristol-Myers Squibb*, 137 S. Ct. at 1778 (reviewing the claims of the non-resident plaintiffs on a motion to quash service of summons).

*Sanchez*, 297 F. Supp. 3d at 1365 (emphasis added).

Finally, though the Court need not even reach this issue given the majority line of authority summarized above, Defendant's argument ignores the fact that its centralized company policies, plans and directives related to all Plaintiffs' claims issue from corporate and regional management operating out of only five locations for its seven state operations: corporate headquarters, and four "divisional offices" one of which is located in Atlanta, Georgia within this judicial district.[5] Defendant's affidavits carry only conclusory assertions, and thus "the burden does not shift back to the plaintiff [to prove personal jurisdiction] when 'the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citation omitted).

O. <u>Bakery, Deli and Meat Managers Need Only be Similar, not Identical</u>.

---

[5] https://corporate.publix.com/careers/support-areas/corporate.

Plaintiffs' Motion seeks certification of three subclasses (Bakery, Deli, and Meat Managers), each directly represented by a named Plaintiff who worked in that position. Defendant's Response, however, argues that differences exist between those three departments and their Managers, without ever addressing certification of subclasses, or explaining much less citing any authority for why alleged differences between each subclass would defeat certification of those three subclasses.

Regardless, "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F.3d 1208 at 1217 (internal cites omitted); *Morgan*, 551 F.3d at 1260 (certification depends on *similarly* situated and "not whether their positions are identical."). And as noted above, Defendant concedes similarities and commonalities for the three departments company-wide. While its Response alleges certain differences based on sales volume (i.e., that higher sales volumes "required more Associates to staff each department") (Response, p. 4), Defendant never disputes a fundamental commonality that binds its DMs: due to constraints on associate hours due to labor cost controls, there were not enough associates to perform the non-exempt tasks, which required DMs to take on that additional work. In short, Defendant argues that higher volume stores required more associates due to more customers and sales, but neither argues nor presents evidence that higher volume stores were not similarly subjected to constraints on associate labor hours. Plaintiffs have sufficiently alleged that higher, average, and low volume stores shared the same commonality: not enough hourly associates to do the non-exempt tasks, falling on the DMs to do it.

Finally, Plaintiffs allege (and Defendant's Response does not dispute) that the Defendant itself uniformly classified **all** of its DMs as non-exempt until 2014, then uniformly classified **all** of them as exempt, then uniformly reclassified **all** of them to non-exempt on March 30, 2019, all without regard to the very variances in store size, sales volume, and location on which Defendant's opposition relies. In *Morgan*, the Eleventh Circuit recognized that when an employer made a blanket classification decision by job title, on a company-wide policy, without regard to variances in store size, sales volume, location, or authority, that decision constitutes convincing evidence that the employer itself treated all employees in that position as similarly situated. *See Morgan*, 551 F.3d at 1263 (affirming denial of decertification of misclassified Store Managers collective where "even Family Dollar perceived no such distinction [between them company-wide]. Indeed, it exempted **all** store managers from overtime pay requirements **without regard to store size, sales volume, region, district, or hiring and firing authority**.") (emphasis added).

    P.  Blanket Classifications/Reclassifications Show Similarly Situated.

Defendant argues that merely being classified as exempt and/or reclassified as non-exempt cannot bind a collective, citing out-of-circuit district court cases. As shown in the preceding paragraph, however, even at the stricter decertification stage the Eleventh Circuit ruled that a blanket exemption classification supports denial of decertification, and this Court has reached the same conclusion as to reclassification to non-exempt. (*See* Plaintiffs' Motion [Doc. 18], pp. 13-15, collecting cases).

    Q.  Centralized Policies and Practices Support Conditional Certification.

Defendant next disputes that Publix's uniform employee handbooks, systems, and centralized policies and practices support conditional certification – but cites out-of-circuit opinions answering the different question of whether such policies and practices "preclude overtime exemption." (Response, pp. 21-22). Required adherence to centralized policies, practices, and directives binds the DM collective.

Defendant errs in urging a contrary result by citing *Lovett v. SJAC Fulton Ind I, LLC*, No. 1:14-cv-983-WSD, 2015 WL 3889719 (N.D. Ga. June 23, 2015) and *Pickering v. Lorillard Tobacco Co.*, No. 2:10-CV-633-WKW [WO], 2012 WL 314691 (M.D. Ala. Jan. 30, 2012) for its claim that "[t]his Court, too, has rejected uniform policies arguments similar to Plaintiffs'." (Response, p. 22). Courts have easily recognized the distinguishing factor that Defendant omits: both *Lovett* and *Pickering* were decided on a much different record, only after some discovery had been completed in each case. *See, e.g., Jones v. JRN Inc.*, No. 4:16-CV-141, 2016 U.S. Dist. LEXIS 191625, at *11-12 (M.D. Ga. July 12, 2016) (distinguishing *Lovett* because "some discovery had been completed" and "uncontroverted evidence [showed] most of the [managers] spent well over fifty percent of their time performing management tasks."); *Thomas v. Waste Pro USA, Inc.*, 360 F. Supp. 3d 1313, 1319-20 (M.D. Fla. 2019) (noting *Pickering* was applying a more rigorous standard after discovery completed during a bifurcated discovery period).

### R. No First-File Rule Bars Certification: What Matters is First-Certified Based on Best-Filed, and *Walton* Should Not Delay Issuance of Notice.

Plaintiffs demonstrated, and Defendant does not dispute, that no first-filed

rule applies to two cases pending before the same judge, no first-filed rule bars certification of this first fully briefed motion for notice, and no first-filed rule would require the injurious result of delaying ruling on this notice motion until after the Court decides a motion to dismiss collective claims pending in *Walton* that would moot certification there if granted, and a motion for notice in *Walton* that has been delayed on which briefing remains incomplete, all while the statute of limitations continues to run on the claims of the putative Bakery, Deli, and Meat opt-ins.

Where the later-filed case presents the first notice motion that carries plaintiffs' burden, courts have granted that motion to avoid detrimental delay, notwithstanding overlap with a prior-filed collective that has not yet been certified.

In *Fairley v. Knights' Marine & Indus. Servs.*, No. 1:15CV47, 2015 U.S. Dist. LEXIS 53615, at *2 (S.D. Miss. Apr. 10, 2015), for example, defendant tried to delay resolution of Fairley's notice motion until another judge in the same district court decided dispositive motions in the first-filed case and objected to certification due to that first-filed case. There, as here, while the plaintiffs in the first-filed case were the first to file a motion for notice, they also moved for equitable tolling and were faced with motions to dismiss for claiming relief not allowed and challenging jurisdiction that, if granted, would bar certification. In the interim, the plaintiff in *Fairley* filed suit, filed and completed briefing on a motion for notice, and faced no dispositive motions that could bar certification. The court in *Fairley*, recognizing as here that "it is unclear whether the earlier lawsuit [claims] will be dismissed or allowed to proceed" and that the statute of limitations continues to run, found it

inappropriate to delay deciding the motion, granted notice, and "decline[d] to withhold certification in this case based on the earlier filed case for a number of reasons" that apply here: multiple and concurrent lawsuits are permitted under the FLSA, the first-filed action did not bar the court from acting, the statute of limitations was running, and potential opt-ins "should have the opportunity to assess their claims sooner rather than later." *Id.*, at *2, 5-7.[6]

Thus, while Defendant proposes only one self-serving solution (deny certification here simply because there is another case filed), courts have had no difficulty solving this dual pending case situation by simply certifying the first case that carries the burden for certification. *See, e.g., Lopez v. Bird Elec. Enters., LLC*, No. MO:18-CV-0231, 2019 U.S. Dist. LEXIS 149654 (W.D. Tex. June 10, 2019) (conditionally certifying second-filed action over first-filed action pending in same district court); *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 68 (E.D. Pa. 2009) (ordering notice while an overlapping certification motion was pending in another district, "declining] to exclude [the other case's] Plaintiffs from receiving notice.").

There are important differences between this case and *Walton* that warrant prompt ordering of notice here: (i) Plaintiffs here seek notice to a focused collective of Bakery, Deli, and Meat Managers, each represented by a named Plaintiff who worked that position, but Publix has moved to dismiss the collective claims from

---

[6] Had the *Fairley* court delayed certification until the first-filed court decided the pending dismissal and certification motions, putative opt-ins would have lost claims due to delay, but no first-filed case to join after the court granted dismissal motions.

*Walton* where (by Publix's count) plaintiffs there have proposed at least six different collective definitions,[7] amended their notice motion once and their operative Complaint twice, and seek either certification of all department and assistant department managers in all departments, or all department managers and assistant managers in the Bakery and Deli departments only. (*See* SAC filed in *Walton*: compare ¶ 44 (defining the collective as including all departments' salaried managers and assistant managers) with ¶ 66 (defining the collective as all Bakery and Deli managers and assistant managers)); (ii) Publix contests certification in *Walton* because plaintiffs seek to include positions no named Plaintiff held during the relevant period (Assistant Department Managers), allegedly supervised by Department Managers, which Publix identifies as creating a conflict of interest barring certification, but Publix cannot assert those defenses here; (iii) Publix contends that amending the operative complaint in *Walton* to change the collective definition after filing its motion for notice moots the notice motion filed before that amendment, but Publix has no such defense here; (iv) Publix contests certification in *Walton* arguing that the paucity of opt-ins and declarants supporting that motion fails this Circuit's "showing of interest" requirement, but concedes here that the 34 Plaintiffs supporting this motion satisfy the required "showing of interest"; and (v) Publix's opposition in *Walton* objects that plaintiffs' declarations filed in support of the *Walton* notice motion lack personal knowledge, but has no such defense here.

---

[7] Publix's response to motion for notice filed in *Walton* [Doc. No. 32], p. 2.

Second, briefing is now fully completed on this motion and it is now ripe for ruling – this case, unlike *Walton*, has no pending motions to dismiss collective claims, or any other impediments that could moot or otherwise delay a ruling ordering notice. The parties here have completed their LR 16.1 early planning conference and submitted their Joint Preliminary Planning Report ("JPR") [Doc. No. 25]. The procedural posture of this case is therefore significantly ahead of *Walton*, where plaintiffs have not yet responded to Publix's motion to dismiss all collective claims from their SAC or completed briefing on conditional certification, and the obligation under the local rules to engage in early planning and submit a JPR has yet to be triggered in *Walton* because Publix has not even had to file an Answer.

## III.    Defendant Waived or Failed to Support Objections to Proposed Notice.

Defendant offers only vague and conclusory objections to the proposed notice communications submitted and protocol for dissemination that Plaintiffs requested with specificity, and seeks more delay to allow it to continue arguing its objections and try to negotiate notice language and protocol – all while consistently refusing to toll the statute of limitations as to the putative opt-ins' claims. Courts routinely reject this delay tactic, and this Court should do the same. *See, e.g., Blakes v. Ill. Bell Tel. Co.*, No. 11 CV 336, 2011 U.S. Dist. LEXIS 63225, at *21 (N.D. Ill. June 15, 2011) (denying, "given the ever-running statute of limitations," defendant's attempt to delay notice so it could begin trying to resolve disputed notice issues).

Defendant vaguely objects to "the vague substance of the notice [and] the confusion it would cause as drafted" without identifying any particular provision or

language. It objects to email and reminder notice, without any supporting case law or basis for abandoning this district's standard practice of ordering email notice and a reminder notice at the mid-point. *See, e.g., Florence,* 2019 U.S. Dist. LEXIS 4379, at *10 (ordering notice by mail and email with a reminder at the mid-point). And it objects to the Notice Administrator simultaneously sending two emails on day one and again on day thirty as "harassing potential class members," but cites no case authority and no reason to ignore the reality that emails from an unknown sender containing website hyperlinks routinely land in spam/junk folders – a problem that the proposed simultaneous email (without hyperlinks) solves.[8] It also seeks thirty days – again, with no tolling – to provide the collective's contact information, but no reason to exceed this district's standard ten calendar days. *See, e.g., Rindfleisch v. Gentiva Health Servs.*, No. 1:10-cv-3288-SCJ, 2011 U.S. Dist. LEXIS 57949, at *16 (N.D. Ga. Apr. 13, 2011) (ordering list provided within ten days). Finally, Defendant's filed declarations show (as predicted) that it obtained signed statements by meeting *ex parte* with putative opt-ins, triggering Plaintiffs' unopposed request to add Judge Totenberg's notice provision on that in *Prowant v. Fannie Mae*, No. 1:14-CV-3799-AT, 2017 U.S. Dist. LEXIS 221422, at *23 (N.D. Ga. Oct. 16, 2017).

Respectfully submitted this 22nd day of December, 2019.

---

[8] *See, e.g., Knight v. Concentrix Corp.*, No. 4:18-cv-07101-KAW, 2019 U.S. Dist. LEXIS 129026, at *19 n.3 (N.D. Cal. Aug. 1, 2019) (ordering reminder because "notices may be erroneously identified by e-mail clients as 'junk' or 'spam' and routed to folders unseen by putative class members.").

*/s/ C. Andrew Head*

C. Andrew Head, Ga. Bar No. 341472
Bethany Hilbert (admitted *pro hac vice*)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
ahead@headlawfirm.com
bhilbert@headlawfirm.com

David Hughes (admitted *pro hac vice*)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401
T: (205) 523-0463
F: (205) 344-6188
Email: dhughes@hardinhughes.com

Attorneys for Plaintiffs and the Collective

## CERTIFICATE OF COMPLIANCE

I certify this document was prepared in compliance with LR 7.1, NDGa. This document was prepared in Times New Roman 14-point font.

_s/ C. Andrew Head_____
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system which sent notification of such filing to all counsel of record this 22nd day of December, 2019.

*s/ C. Andrew Head*
Counsel for Plaintiffs