# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AUDENZIO AIUTO, NATHANIEL PALMER, and CHENZERIA WRIGHT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 1:19-CV-4803-LMM |
| v. | ) ) | |
| PUBLIX SUPER MARKETS, INC., | ) ) | |
| Defendant. | ) | |

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Publix Supermarkets, Inc., files this Notice of Supplemental Authority to highlight two new district court decisions applying *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017), to FLSA collective actions.

In *Canaday v. The Anthem Companies, Inc.*, No. 1:19-cv-01084, Doc. 68 (W.D. Tenn. Feb. 3, 2020) (attached as Ex. A), the Western District of Tennessee agreed with nine other district courts and Publix's position in this case that "out-of-state opt-in plaintiffs in an FLSA collective action have even less of a connection to the forum than the out-of-state plaintiffs in the *Bristol-Myers* mass tort action." *Canaday*, Doc. 68 at 9. Collective actions, said the court, "are not the same as class

61656004v.1

actions and "opt-in plaintiffs are more like individual plaintiffs than members of a Rule 23 certified class." *Id.* Because Anthem, like Publix, was "not subject to general jurisdiction" in the chosen forum, the *Canaday* plaintiffs had to show that their claims "arose from" or "sufficiently related to [Anthem's] conduct/activity within Tennessee." *Id.* Out-of-state opt-in plaintiffs could not—their "wages were in [no] way related to [Anthem's] activities in Tennessee." *Id.*

Three days after *Canaday*, the District of Minnesota came to the same conclusion. *See Vallone v. The CJS Solutions Group, LLC*, No. 19-1532, 2020 WL 568889, at *3 (D. Minn. Feb. 5, 2020); *but see Turner v. Concentrix Servs., Inc.*, No. 1:18-cv-1072, 2020 WL 544705, at *3 (W.D. Ark. Feb. 3, 2020) (declining to apply *Bristol-Myers* to an FLSA collective after conflating subject matter and personal jurisdiction, and without analyzing the status of opt-in party plaintiffs vis-à-vis the suit's claims). *Vallone*, like *Canaday* and Publix, reasoned that FLSA opt-ins bear greater resemblance to BMS' individual plaintiffs than unnamed Rule 23 class members. *Id.* After all, said *Vallone*, only "named plaintiffs in Rule 23 class actions" and opt-in plaintiffs in FLSA collectives bring individual claims that form part of the "underlying controversy" driving the jurisdictional analysis. *Id.* (quoting *Bristol-Myers*, 137 S. Ct. at 1780)). Opt-in plaintiffs, like named plaintiffs, thus "must establish . . . a connection between [the forum] and their individual claims

against [the defendant]." *Vallone*, 2020 WL 568889, at *3. Because they could not, due process forbid a nationwide collective. *Id.*

Under materially identical circumstances as those here, *Vallone* and *Canaday* limited certification to the forum. This Court should, too.

Date: February 6, 2020                               Respectfully submitted,

                                                      SEYFARTH SHAW LLP

                                                     By s/ Brett C. Bartlett
                                                         Brett C. Bartlett
                                                         Georgia Bar No. 040510
                                                        Lennon B. Haas
                                                         Georgia Bar No. 158533
                                                         SEYFARTH SHAW LLP
                                                         1075 Peachtree St. NE, Suite 2500
                                                         Atlanta, Georgia 30309-3958
                                                         Telephone: (404) 885-1500
                                                         bbartlett@seyfarth.com
                                                         lhaas@seyfarth.com

                                                     COUNSEL FOR DEFENDANT PUBLIX SUPERMARKETS, INC.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUDENZIO AIUTO, NATHANIEL PALMER, and CHENZERIA WRIGHT, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>　　　　Defendant. | CIVIL ACTION FILE NO.<br>1:19-CV-4803-LMM |

## CERTIFICATE OF SERVICE

I certify that on February 6, 2020, I electronically filed Defendant's Notice of Supplemental Information using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

　　　　　　　　　　　　　　　　s/ Brett C. Bartlett
　　　　　　　　　　　　　　　　Counsel for Defendant

61656004v.1