IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUDENZIO AIUTO, NATHANIEL
PALMER, and CHENZERIA
WRIGHT, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

CIVIL ACTION NO.
1:19-CV-04803-LMM

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for Conditional Certification and Court Authorized Notice [18], and Plaintiffs' Motion for Leave to File Notice of Supplemental Authority [32]. After due consideration, the Court enters the following Order:

### **I. BACKGROUND**

This is an action for overtime compensation under the Fair Labor Standards Act ("FLSA"). Plaintiffs Audenzio Aiuto, Nathaniel Palmer, and Chenzeria Wright each worked for Defendant Publix Super Markets, Inc.

("Publix") in Georgia during the relevant period[1] as department managers in the Deli, Meat, and Bakery departments, respectively. Dkt. No. [1] ¶¶ 2, 5-7. Plaintiffs allege that Defendant classified all Meat, Deli, and Bakery managers ("department managers") as overtime exempt throughout the relevant period. Id. ¶ 2. Plaintiffs contend that they worked over forty hours in one or more workweeks during the relevant period without receiving overtime premiums. Id. ¶ 8. According to Plaintiffs, their primary duties as Meat, Deli, and Bakery managers did not include "managerial responsibilities or the exercise of meaningful independent judgment and discretion" but rather "preparing and stocking food, servicing customers, cleaning, and other non-exempt duties." Id. ¶¶ 8-9. Effective April 2019, Defendant reclassified all of its Meat, Deli, and Bakery managers as non-exempt from the FLSA's overtime provisions. Id. ¶ 19.

Plaintiffs allege that during the relevant period Defendant had a "centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to its [department managers]," and that Defendant knew its department managers "were not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiffs . . . as non-exempt employees." Id. ¶ 20.

---

[1] Plaintiffs define the relevant period as "three years preceding the filing date of this Complaint and ending on the date of the regular pay period for the workweek that included the effective date of Defendant's reclassification of the [department manager] positions to hourly-paid, non-exempt, which upon information and belief became effective beginning April, 2019." Dkt. No. [1] ¶ 1.

As a result, Plaintiffs allege that Defendant violated the FLSA by failing to pay them overtime for all hours worked in excess of forty hours in a workweek. Id. ¶ 1. Plaintiffs also seek to represent a class of "all persons who are or were formerly employed by Defendant as Meat Managers, Deli Managers, and/or Bakery Managers at any time during the relevant period at any of Defendant's locations for which they were paid by Defendants as overtime exempt." Id. ¶ 14. Plaintiffs now move for conditional certification of their claims on behalf of (1) all individuals who worked as Meat, Deli, and/or Bakery Managers paid by Defendant Publix as overtime exempt at any of Defendant's locations, (2) who worked more than 40 hours as a department manager in any workweek for which workweek the department manager was paid on a pay date within the period beginning three years ago and ending on the last pay date prior to Defendant's reclassification of the department manager positions to hourly-paid non-exempt. Dkt. No. [18] at 7. Plaintiffs further seek certification of three subclasses for Deli, Meat, and Bakery managers, each represented by a named Plaintiff. See id.

## II.   LEGAL STANDARD

The FLSA authorizes collective actions against employers accused of violating the FLSA. 29 U.S.C. § 216(b). Unlike class actions under Rule 23, "[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008). Thus, in a § 216(b) action, the district court has discretion to certify a collective action

and facilitate notice to potential opt-in plaintiffs. Hipp v. Liberty Nat'l Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

The Eleventh Circuit has "sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase." Morgan, 551 F.3d at 1260. The first stage is the "notice stage" or the conditional certification stage. See id. Conditional certification allows the plaintiff to notify similarly situated individuals of the case and their potential interest in it. See id. At this stage, a plaintiff need only show a "'reasonable basis' for his claim that there are other similarly situated employees." Id. This standard is "not particularly stringent" and "fairly lenient." Id. at 1260-61. The district court makes its decision at this stage "usually based only pleadings and any affidavits which have been submitted." Hipp, 252 F.3d at 1218 (internal citation omitted).

Additionally, during this first stage, "the district court should satisfy itself that there are other employees . . . who desire to 'opt-in.'" Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567 (11th Cir. 1991). Plaintiffs have the burden of demonstrating a reasonable basis for the court to conclude that other similarly situated individuals are interested in joining the collective action. Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983). Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004). "[F]or purposes of deciding [a] motion for conditional collective action

certification," the already-filed consents to opt-in establish that there are persons "who would join in [the] suit if they had notice of the suit." Barron v. Henry Cty. Sch. Sys., 242 F. Supp. 2d 1096, 1101 (M.D. Ala. 2003).

If the court finds that the plaintiff and potential class members are similarly situated and that the plaintiff has made a showing of sufficient interest, then the class is conditionally certified and notice of the action is sent to potential class members. "After being given notice, putative class members have the opportunity to opt-in." Morgan, 551 F.3d at 1259 (citing Hipp, 252 F.3d at 1218).

"The second stage is triggered by an employer's motion for decertification." Id. at 1261. At the decertification stage, the court examines the evidence produced during discovery and revisits its factual determinations as to whether the claimants truly are similarly situated. Id. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. Hipp, 252 F.3d at 1218.

### III. DISCUSSION

As a preliminary matter, both parties have filed various notices of supplemental authority and, in turn, take issue with the manner in which the other has presented its supplemental authorities. See Dkt. Nos. [31-37]. Notwithstanding, the Court has reviewed both parties' filings and will consider all the supplemental authorities provided in resolving the issue of conditional certification. The Court therefore **GRANTS** Plaintiffs' Motion for Leave to File Notice of Supplemental Authority [32].

In opposing Plaintiff's motion for conditional certification, Defendant argues: (1) the Court lacks personal jurisdiction over opt-in class members that worked for Defendant outside Georgia; (2) Plaintiffs fail to establish they are similarly situated to potential opt-in members; and, (3) Plaintiffs cannot show that Defendant subjected them to an unlawful policy. See generally Dkt. No. [24].

Defendant does not, however, dispute that Plaintiffs have made the requisite showing of interest, and, based on the opt-in consents and declarations filed to date, the Court finds that Plaintiffs have satisfied their lenient burden in this regard. See Dkt. No. [26] at 26. The Court will now address each of Defendant's arguments against conditional certification and then turn to the matter of court-authorized notice.

   1. Personal Jurisdiction

Defendant first contends that the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court of Court of California, San Francisco County, 137 S.Ct. 1773, 1781 (2017) bars the Court from exercising specific personal jurisdiction over the claims out-of-state class members. See Dkt. No. [24] at 10-14. As such, Defendant asserts that conditional certification is improper. See id.

In Bristol-Meyers, more than 600 individually named plaintiffs from thirty-three different states filed a mass tort action in California for injuries caused by Plavix, a drug manufactured and distributed by the non-resident defendant, Bristol-Meyers Squibb Company ("BMS"). 137 S.Ct. at 1777-78. The California Supreme Court held that the defendant was not subject to general

jurisdiction in California, but found specific jurisdiction existed as to all claims, including those of the nonresident plaintiffs. Id. at 1778-79. In reaching this conclusion, the lower court utilized a "sliding scale approach" that considered the defendant's extensive contacts with California generally, as well as the similarities between the nonresident plaintiffs' claims and those of the resident plaintiffs. Id.

The defendant challenged the court's exercise of specific personal jurisdiction with regard to the non-resident plaintiffs, and the Supreme Court sided with the defendant company. Specifically, the Supreme Court held that the California court's exercise of personal jurisdiction over the nonresident defendant violated the Fourteenth Amendment because there was no connection between the nonresidents' claims and the state. Id. at 1782. That is, the defendant did not develop, create a marketing strategy for, manufacture, label, package, or work on the regulatory approval for Plavix in California. Id. at 1778. Moreover, the nonresident plaintiffs "were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." Id. at 1781. In so holding, however, the Supreme Court declined to answer the question of whether the "Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1783-84. Justice Sotomayor further observed in her dissent that "[t]he Court today does not confront the question whether its opinion here would also apply to a class action in which a Plaintiff injured in the forum State seeks to represent a

nationwide class of plaintiffs, not all of whom were injured there." Id. at 1789 n.4 (Sotomayor, J., dissenting).

Since Bristol-Meyers issued, several district courts have confronted the question that Justice Sotomayor identified. While some district courts have extended Bristol-Meyers to the class or collective action context, see, e.g., Maclin v. Reliable Reports of Texas, Inc., 314 F. Supp. 3d 845, 851 (N.D. 2018), district courts in the Eleventh Circuit—including this Court—have declined to do so. See Dennis v. IDT Corp., 343 F. Supp. 3d 1363, 1367 (N.D. Ga. 2018) ("[T]he Court joins the majority of district courts . . . in finding that Bristol-Meyers does not prevent this Court's assertion of specific jurisdiction over Defendants with regard to the claims of the putative non-resident class members."); see also Lee v. Branch Banking and Tr. Co., No. 1821876-CIV, 2018 WL 5633995, at *6 (S.D. Fla. Oct. 31, 2018); Tickling Keys, Inc., v. Transamerica Fin. Advisors, Inc., 305 F. Supp. 3d 1342, 1350-51 (M.D. Fla. 2018); Sanchez v. Launch Technical Workforce Solutions, LLC, 297 F. Supp. 3d 1360, 1362 (N.D. Ga. 2018). Defendant does not dispute that courts in this district have found Bristol-Meyers inapplicable to Rule 23 class actions. See Dkt. No. [24] at 10-11. Rather, Defendant argues that opt-in plaintiffs in FLSA collective actions are more akin to individual plaintiffs than to members of a Rule 23 class action, rendering the aforementioned holdings inapposite. Id. at 11-13.

To date, no circuit has addressed the impact of Bristol-Meyers on FLSA collective actions, and federal district courts remain divided on the question of

whether that decision divests courts of specific jurisdiction over the claims of non-resident plaintiffs in FLSA collective actions. Accordingly, both parties point to district court decisions from different jurisdictions supporting their respective stances. See, e.g., Dkt. No. [31] (Defendant citing Canaday v. Anthem Companies, Inc., No. 1:19-cv-01084-STA-jay, 2020 WL 529708, at *5 (W.D. Tenn. Feb. 3, 2020); and Vallone v. The CJS Sols. Grp., LLC, No. 19-1532, 2020 WL 568889, at *3 (D. Minn. Feb. 5, 2020)); Dkt. No. [33] (Plaintiffs citing Saenz v. Old Dominion Freight Line, 1:18-cv-4718-TCB, 2019 WL 6622840, at *5 (N.D. Ga. July 7, 2019); and Turner v. Concentrix Servs., No. 1:18-cv-1702, 2020 WL 544705, at *3 (W.D. Ark. Feb. 3, 2020); Dkt. No. [37] (Plaintiffs citing Warren v. MBI Energy Servs., Inc., No. 19-cv-0800-RM-STV, 2020 WL 937420, at *6-7 (D. Colo. Feb. 25, 2020).

The line of cases supporting Plaintiffs' position stem from Swamy v. Title Source, Inc., in which the district court held Bristol-Meyers inapplicable to the FLSA collective action context. No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017). The Swamy court reasoned that, unlike the state-law tort claims at issue in Bristol-Meyers, an FLSA claim is "a federal claim created by Congress specifically to address employment practices nationwide. Congress created a mechanism for employees to bring their claims on behalf of other employees who are 'similarly situated,' and in no way limited those claims to in-state plaintiffs." Id. (citing 29 U.S.C. § 216(b)). Further, the Swamy court observed that applying Bristol-Meyers to collective actions "would splinter most

9

nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." Id.

The other line of cases, which support Defendant's argument, derive from Maclin v. Reliable Reports of Texas, Inc., in which the court held Bristol-Meyers does divest courts of personal jurisdiction over FLSA claims by out-of-state plaintiffs. 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018). The Maclin court could not "envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting FLSA claims than the Fourteenth Amendment Due Process Clause." Id. at 850-851.

Although the Court is not bound by either Swamy or Maclin, the Court finds the Swamy court's reasoning more persuasive. First, despite Defendant's argument to the contrary[2], an FLSA collective action is fundamentally distinguishable from the mass tort action at issue in Bristol-Meyers. Unlike in a mass tort action, in an FLSA collective action "there is only one suit: the suit between Plaintiff and the Defendant[s]." Hunt v. Interactive Med. Specialists, Inc., No. 1:19-cv-13, 2019 WL 6528594, at *3 (N.D. W. Va. Dec. 4, 2019) (citing Morgan v. U.S. Xpress, Inc., No. 3:17-cv-0085, 2018 WL 3580775, at *5 (W.D. Va. July 25, 2018)). For purposes of personal jurisdiction, this distinction is

---

[2] Specifically, the Court is not persuaded by Defendant's assertion that, as in mass tort actions, opt-in plaintiffs in FLSA collective actions are real parties in interest. See Dkt. No. [12] at 26. The cases to which Defendant cites for support do not address this issue before the Court and are therefore inapposite.

meaningful because Bristol-Meyers "framed the specific jurisdiction analysis at the level of the suit: the *suit* must arise from the defendant's contacts with the forum." Id. (citing Morgan, 2018 WL 3580775, at *5) (emphasis in original). In stark contrast to the mass tort action in Bristol-Meyers, the suit before the Court today does arise out of and relate to Defendant's contacts with Georgia. See id. To that end, the forum-shopping concerns that animated Bristol-Meyers are not present in an FLSA collective action. As another court in this district recognized in the class action context, "a nationwide class action in federal court is not about a state's overreaching, but rather relates to the judicial system's handling of mass claims involving numerous . . . parties." Sanchez, 297 F. Supp. 3d at 1367 (quoting In re Chinese-Manufactured Drywall Prods. Liability Litig., Civ. A. MDL No. 09-2047, 2017 WL 5971622, at *20 (E.D. La. Nov. 30, 2017)). And, here, Congress created the FLSA collective action precisely to allow employees to bring their claims on behalf of any number of "similarly situated" employees. 29 U.S.C. § 216(b).

 Second, the Court is "bound by the intent of Congress, as expressed in the language of the statute." Prickett v. DeKalb Cty., 349 F.3d 1294, 1297 (11th Cir. 2003). As stated, the FLSA collective action provision permits employees to bring claims on behalf of themselves and other employees "similarly situated." 29 U.S.C. § 216(b). Nothing in the plain language of the statute limits its application to "similarly situated" in-state plaintiffs. Moreover, the Eleventh Circuit has recognized that "Congress' purpose in authorizing § 216(b) was to avoid multiple

lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett, 349 F.3d at 1297. In the Court's view, then, Defendant's suggested reading of Bristol-Meyers would frustrate the intent of Congress in enacting the collective action provision of the FLSA. The Court therefore finds that Bristol-Meyers does not divest the Court of personal jurisdiction, regardless of where the opt-in plaintiffs may have suffered their alleged injuries.

    2. Similarly Situated

Defendant next argues that conditional certification is improper because Plaintiffs cannot establish that they are similarly situated to the putative class of Publix department managers they seek to represent. See Dkt. No. [24] at 2. More specifically, Defendant contends that the Meat, Deli, and Bakery department managers are not similarly situated from store to store due to differences in sales volume, location, and customer demographics. See Dkt. No. [24] at 15. Defendant further claims that the differences between the Bakery, Deli, and Meat departments spawn different requirements of managers and therefore preclude a finding of similarly situated class members. See id. at 18.

However, to demonstrate that a group of similarly situated employees exists, a claimant need only show that his position is similar—not identical—to the positions held by the putative class members. Hipp, 252 F.3d at 1218. "[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not

considered at [the notice] stage." Scott v. Heartland Home Fin., Inc., No. 1:05-CV-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006). Indeed, the merits of the case are not evaluated at the conditional certification stage, nor does the court make determinations regarding the credibility of particular affiants. Kreher v. City of Atlanta, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006) (citing Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54-55 (S.D.N.Y. 2005)). The court's analysis at this stage, therefore, "typically results in 'conditional certification' of a representative class." Rindfleisch v. Gentiva Health Servs., Inc., 22 F. Supp. 3d 1295, 1302 (N.D. Ga. 2014) (quoting Hipp, 252 F.3d at 1218).

Here, Plaintiff has provided declarations from sixteen current and former Deli, Meat and Bakery Managers at various Publix locations throughout Georgia, Alabama, Florida, South Carolina, and Tennessee. Dkt. No. [18-3]. The declarations demonstrate that Plaintiffs and the other employees who seek to join the action all bore the title of a "department manager" in the Meat, Deli, or Bakery departments but were required to perform primarily non-exempt duties. Id. The declarations also indicate that all department managers were paid in a similar fashion and were provided with the same employee handbook regardless of store location. Id. Moreover, Plaintiffs and the putative class members all seek relief for the same alleged FLSA violation—i.e., they were not exempt from overtime requirements but were nevertheless classified as such. Thus, although the parties dispute whether Meat, Deli, and Bakery department managers

performed similar duties at various locations, the Court finds based on the declarations and other filings that Plaintiffs have met their light burden at this stage to show that they did.

### 3. Unlawful Policy

Finally, Defendant asserts that conditional certification is improper because Plaintiffs have failed to show that they and their proposed collective suffered under a common policy or plan that violates the FLSA. See Dkt. No. [24] at 19. According to Defendant, "[m]erely being classified as exempt does not violate the FLSA and, thus, cannot bind a collective." Id. at 20. While Defendant presents this argument in a separate portion of its brief, Defendant recognizes that it bears on the question of whether Plaintiffs have satisfied the "similarly situated" standard. See id. at 22.

As set forth above, Plaintiffs allege that Defendant's company-wide misclassification of Meat, Deli, and Bakery department managers resulted in unpaid overtime. See Dkt. No. [1] ¶ 20. The declarations and evidence discussed *supra* lead the Court to conclude Plaintiffs have shown that they are similarly situated regardless of location or department. Additionally, "[t]he fact that Defendant classified [Plaintiffs'] positions collectively as 'exempt' and then again collectively as "non-exempt' shows that Defendant also views their jobs similarly" and, at a minimum, suggests Plaintiffs suffered under a common policy. See Miller v. FleetCor Techs. Operating Co., LLC, 118 F. Supp. 3d 1351, 1355 (N.D. Ga. 2015). To that end, it bears repeating that this is not the appropriate time to

14

evaluate the merits of the case, and Plaintiffs' burden at this stage of the litigation is "fairly lenient." Morgan, 551 F.3d at 1260-61. Thus, in light of the foregoing, the Court is satisfied that Plaintiffs have met the lenient notice-stage requirement of establishing that they are similarly situated to other Meat, Deli, and Bakery department managers.

    4. Notice

In its opposition to Plaintiffs' motion, Defendant requests that if the Court grants Plaintiffs' motion, it be permitted time to confer about the proposed notice, as it has several objections to its substance and distribution. See Dkt. No. [24] at 24-25. Plaintiffs respond that Defendant's objections are far too vague and therefore waived. See Dkt. No. [26] at 19. Plaintiffs also assert in a rather conclusory fashion that Defendant's request is merely a delay tactic. See id. at 19-20. The Court is not persuaded by Plaintiffs' arguments. The Court instructs the parties to confer in good faith and endeavor to jointly submit a proposed notice within twenty-one days of entry of this Order. If the parties are unable to reach an agreement, Defendant is directed to file specific objections within twenty-eight days of entry of this Order. Plaintiffs will then be permitted to respond and Defendants reply under the typical time limits. The Court will then expedite its ruling on the proposed notice.

### IV. CONCLUSION

Plaintiffs' Motion for Leave to File Notice of Supplemental Authority [32] is **GRANTED.**

Plaintiffs' Motion for Conditional Certification and Court Authorized Notice [18] is **GRANTED IN PART.** Plaintiffs' claims are conditionally certified as a collective action representing (1) all individuals who worked as Meat, Deli, and/or Bakery department managers ("department managers") paid by Defendant Publix as overtime exempt at any of Defendant's locations, (2) who worked more than 40 hours as a department managers in any workweek for which workweek the department manager was paid on a pay date within the period beginning three years ago and ending on the last pay date prior to Defendant's reclassification of the department manager positions to hourly-paid non-exempt. Plaintiffs' three proposed subclasses for Deli, Meat, and Bakery managers, each represented by a named Plaintiff, are also conditionally certified.

The parties are **DIRECTED** to confer in good faith and endeavor to jointly submit a proposed notice within **twenty-one (21)** days of entry of this Order. If the parties are unable to reach an agreement, Defendant is directed to file specific objections within **twenty-eight (28)** days of entry of this Order. Plaintiffs will then be permitted to respond and Defendants reply under the typical time limits. The Court will then expedite its ruling on the proposed notice.

**IT IS SO ORDERED** this 9th day of April, 2020.

_____
**Leigh Martin May**
**United States District Judge**