IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AUDENZIO AIUTO, NATHANIEL PALMER, and CHENZERIA WRIGHT, on behalf of themselves and all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| PUBLIX SUPER MARKETS, INC., | : : : : : | CIVIL ACTION NO. 1:19-CV-04803-LMM |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on Defendant Publix Super Market, Inc.'s ("Publix") Motion for Emergency Sanctions [68]. After due consideration, the Court enters the following Order.

### **I.  BACKGROUND**

This case involves a conditionally certified collective action against Defendant Publix. Dkt. No. [41]. On July 10, 2020, the Court entered an Order regarding both the substance and delivery methods of notice to potential class members. Dkt No. [53]. That Order included Court-approved notice and consent forms, and it designated U.S. mail and email as the delivery methods for notice.

1

See Dkt. Nos. [53, 53-1, 53-2]. This Order was entered after counsel for both parties were unable to agree upon the method and contents of notice. See Dkt. Nos. [47, 48, 53]. These issues were hotly disputed with it being clear that Defendant objected to any expanded methods of notice. See, e.g., Dkt. Nos. [24] at 24; [47] at 14–15. At no time in this briefing did Plaintiffs disclose that they were contemplating using a website to provide additional information to potential class members in the method that they later used.[1] See Dkt. Nos. [18] at 24–25; [48] at 2 (both discussing an online portal for electronic submissions of consent forms, not a public notice website). If Plaintiffs had proposed such a website, the Court would have reviewed this method of notice as it did the other proposed methods. See Dkt. No. [53].

On August 19, 2020, Publix filed a Motion for Emergency Sanctions after discovering www.publixovertimelawsuit.com ("the website"), a website that publicly displays the substance of the Court-approved notice form. See Dkt. No. [68]. This website was not previously disclosed to Defendant or the Court.

---

[1] Plaintiffs argue that Defendant consented to a public notice website, but the email correspondence Plaintiffs cite suggests that Defendant was referring to the more limited issue of online submission of consent forms. See Dkt. No. 73 at 6–7 (citing Dkt. No. [47-9] at 1, 4). Similarly, Plaintiffs suggest that they raised this issue in their Motion for Conditional Certification. Dkt. No. [73] at 5 (citing Dkt. No [18]). However, Plaintiffs requested "mailed and emailed notice . . . and reminder mailed and emailed notice at the midpoint." Dkt. No. [18] at 24. Plaintiffs made reference to the possibility of an online portal for submissions of consent forms but did not specifically discuss the kind of website that is presently at issue. See id. at 24–25.

Plaintiffs oppose Defendant's motion and argue that courts often approve similar websites in other cases. See Dkt. No. [73].

## II.   LEGAL STANDARD

A federal court may sanction a party pursuant to its inherent power. See Chambers v. NASCO, Inc., 501 U.S. 32, 43–44 (1991). The Court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) (quoting Chambers, 501 U.S. at 43). In order to invoke its inherent power, the Court must find that a party acted in bad faith. See id. ("The key to unlocking a court's inherent power is a finding of bad faith."). "[A] party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." Chambers, 501 U.S. at 46 (quotation omitted). The Court's inherent power "must be exercised with restraint and discretion and used to fashion an appropriate sanction for conduct which abuses the judicial process." Purchasing Power, 851 F.3d at 1223 (quotation omitted).

## III.   DISCUSSION

In its Motion for Emergency Sanctions, Defendant argues that by creating and posting a publicly accessible website containing the substance of the Court-approved notice form, Plaintiffs have exceeded the scope of the Court's Order as to the permissible methods of delivering notice in this case. See Dkt. No. [68] at 2, 4–5. Defendant argues that the Court's Order limited delivery methods to U.S.

3

mail and email and did not include the option of a public notice website. Id. Defendant requests four remedies: (1) removal of the website or making it accessible only via private portal; (2) dismissal without prejudice of those who opted in between the time of Plaintiffs' mailed notice and the Court's ruling on Defendant's Motion; (3) requiring Plaintiffs to send curative notice to those dismissed without prejudice; and (4) attorney's fees incurred as a result of filing Defendant's Emergency Motion for Sanctions. See id. at 2–3.

Plaintiffs argue that Defendant never specifically objected to a public notice website. Dkt. No. [73] at 5–7. Plaintiffs also argue that the Court only ruled on Defendant's objections and thus did not address notice by this method. See id. at 7. Further, Plaintiffs argue that the website contains only Court-approved material and that other courts have approved similar public notice websites in other cases. Id. at 8–10.

To begin, the Court's Order designated delivery of notice by U.S. mail or email only. See Dkt. No. [53]. The Court rejects Plaintiffs' arguments suggesting that use of a public notice website should be permissible without prior Court approval if the Court's earlier Order did not specifically prohibit this method of notice. Dkt. No. [73] at 7. It was clear from the record that Defendant opposed any expanded notice. See Dkt. Nos. [24] at 24; [47] at 14–15. These disputed issues regarding the proper way to provide notice to class members were fully briefed, and the Court addressed the proposed methods of notice in its Order. See Dkt. Nos. [47, 48, 53]. It is disingenuous for Plaintiffs to argue that it was

permissible to bypass this process and to employ a separate method of notice, given what had already transpired. See id.

Plaintiffs also argue that other courts have approved similar websites in other cases, but this argument fails precisely because Plaintiffs did not seek the Court's approval before making this website publicly available. See Dkt. No. [73] at 8–10. Indeed, courts have approved similar public notice websites, but, in those instances, courts were responding to a clearly articulated proposal or request to operate such a website. See, e.g., Weinstein v. 440 Corp., No. 2:19-cv-105-RWS, 2019 WL 5704137, at *4,*10 (N.D. Ga. Nov. 4, 2019) (acknowledging proposal for "[m]aintaining a website that includes the notice and electronic consent forms" and allowing notice to include a link to the website). It certainly may be correct that the Court would have approved such a website, but Plaintiff could not have made this assumption without bringing this issue in front of the Court when other forms of notice were being addressed. See Dkt. Nos. [47, 48, 53].

To be clear, the Court does not find that Plaintiffs violated a Court order, nor does it appear to the Court that Plaintiffs posted false or misleading information on the website. The Court's Order did not expressly prohibit such a website. See Dkt. No. [53]. However, the Court ordered notice by U.S. mail or email, and Plaintiffs should have sought the Court's approval to use another method. See id. In failing to do so, Defendant did not have an opportunity to be heard on this issue before the website became publicly accessible and has now

5

brought the matter before the Court in its Motion for Emergency Sanctions. See Dkt. No. [68].

In order to impose sanctions under the Court's inherent power, there must be a finding of bad faith. Purchasing Power, 851 F.3d at 1223 ("The key to unlocking a court's inherent power is a finding of bad faith."); see also Chambers, 501 U.S. at 46 ("[A] party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.") (quotation omitted). Sanctions have been imposed under analogous circumstances. See, e.g., Espinosa v. Stevens Tanker Division, LLC, No. SA-15-CV-879-XR, 2017 WL 1718443, at *10 (W.D. Tex. Apr. 27, 2017) (imposing sanctions where "[class counsel] acted in bad faith by sending multiple notices, even though the Court's certification and notice order contemplated only one notice, and by deviating from the agreements that he reached with opposing counsel regarding the notice"). Thus, the Court finds that limited sanctions are justified in this instance.

Sanctions must be properly tailored and reflect the Court's restraint and discretion. See Purchasing Power, 851 F.3d at 1223. Because Defendants were not given an opportunity to respond before the website became publicly available, the Court finds that removal of the website is a suitable remedy and **GRANTS** Defendant's request that the website be taken down. The Court therefore **ORDERS** Plaintiffs to remove the website. Additionally, because Plaintiffs should have properly sought the Court's approval before making the website public, the Court **GRANTS** Defendant's request for the attorney's fees it has

incurred as a result of filing this Motion. See Espinosa, 2017 WL 1718443, at *9–*12. The Court finds that these limited sanctions are properly suited to the current circumstances, and Defendant's other requests for relief are therefore **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion for Emergency Sanctions [68].

Plaintiffs are **ORDERED** to remove the website within five **(5)** days of entry of this Order. Additionally, Defendant's request for attorney's fees is **GRANTED**. The Court **DIRECTS** Defendant to submit within fourteen **(14)** days the attorney's fees incurred in filing its Motion for Emergency Sanctions [68]. The Court will allow Plaintiffs an opportunity to respond and for Defendant to reply.

**IT IS SO ORDERED** this 26th day of August, 2020.

                                              **Leigh Martin May**
                                              **United States District Judge**